**Marlow PALMORE, Plaintiff–Appellant,**

v.

**Jon E. LITSCHER, Steve Kronzer and Robin Winistorfer Defendants–Appellees.**

No. 01–4363.

United States Court of Appeals, Seventh Circuit.

Submitted Sept. 11, 2002.*

Decided Sept. 27, 2002.

Before Hon. JOHN L. COFFEY, Hon. FRANK H. EASTERBROOK, and Hon. DANIEL A. MANION, Circuit Judges.

---

\* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is

## ORDER

Wisconsin inmate Marlow Palmore filed a complaint under 42 U.S.C. § 1983 alleging that portions of his wages from a prison work project were withheld without his consent, contrary to the Ashurst–Sumners Act, 28 U.S.C. § 1761. The district court screened the complaint and dismissed it, concluding that the Ashurst–Sumners Act created no private right of action. Palmore appeals. We need not reach the Ashurst–Sumners issue because we conclude that Palmore failed to exhaust his administrative remedies.

In November 1996 Palmore began a prison work project for a glove manufacturer at the Green Bay Correctional Institution. Before taking the position, he signed an agreement permitting wage deductions to pay for room and board and other expenses. In January 1998 Palmore was terminated from this job, but the following day he submitted a new application and was rehired. Although he did not sign a new contract, the prison continued to withhold money from each of Palmore's paychecks until he was terminated again in October 2000. In October 2000 Palmore wrote a letter to the Secretary of the Department of Corrections raising some questions about the withholdings. In January 2001 Palmore received a letter from a prison administrator stating that his prior employment agreement carried over and "all previously agreed deductions remain the same." Palmore objected to the withholding and filed a formal administrative grievance on July 5, 2001. An Inmate Complaint Examiner rejected the grievance as untimely, and the Department of Corrections denied Palmore's appeal for the same reason. He then filed his com-

submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

plaint in federal district court, and the district court dismissed it.

The Prison Litigation Reform Act requires that a prisoner exhaust all available administrative remedies before initiating a lawsuit regarding prison conditions. *See* 42 U.S.C. § 1997e; *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 537 (7th Cir.1999). If the state demonstrates that a prisoner plaintiff has failed to exhaust his administrative remedies, the district court must dismiss the complaint before reaching the merits. *Perez*, 182 F.3d at 536.

We have recently held "to exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *See Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir.2002) (affirming dismissal where prisoner took untimely administrative appeal). Wisconsin's Inmate Complaint Review System requires that an inmate complaint be filed within 14 calendar days of the event, though extensions may be granted for cause. *See* Wis. Admin. Code

§ DOC 310.09(3). Palmore, however, filed his grievance over thirty months after the prison began withholding portions of his wages and eight months after the deductions ended due to his termination. Palmore did not file his administrative grievance within the required time period and the prison review board rejected it as untimely. Consequently, he failed to exhaust his administrative remedies. We affirm the dismissal of Palmore's complaint, though on a basis different from that relied upon by the district court. *Edwards v. Ill. Bd. of Admissions to the Bar*, 261 F.3d 723, 728 (7th Cir.2001) (dismissal may be affirmed on any basis reasonably supported by the record).

AFFIRMED.