Before COFFEY, EASTERBROOK, and MANION, Circuit Judges.

**Laneer WINDER, Plaintiff–Appellant,**

v.

**Michael F. SHEAHAN, et al., Defendants–Appellees.**

**No. 02–1019.**

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 20, 2002.*

Decided Nov. 27, 2002.

## ORDER

Laneer Winder, a pretrial inmate at the Cook County Jail, filed a complaint under 42 U.S.C. § 1983 seeking money damages for jail officials' refusal to treat injuries he suffered after he slipped and fell in a shower. He asserted that the accident occurred because jail officials did not install a handicap rail in the jail shower to accommodate his disabilities. Winder claims that he filed a grievance, to which the jail failed to respond. The district court screened the complaint under 42 U.S.C. § 1997e(a) and dismissed without prejudice for failure to exhaust administrative remedies.

Winder alleges that he fell and hurt himself in early September 2001. The precise date is unclear—in his complaint Winder states that the incident occurred on September 9, 2001, although he also says in his detainee grievance and in his brief on appeal that the fall happened on September 2, 2001. He claims that he gave a written grievance for filing to a correctional officer named Lieutenant Rosario. Winder alleges that jail officials did not respond, so he filed a second grievance on September 30 which restated his allegations and accused Lieutenant Rosario of failing to deliver his first grievance to jail authorities. This second grievance was denied on October 30, 2001. The next day, Winder appealed to the grievance committee for review of this decision, and the committee responded by sending Winder a report instructing him to inquire with jail

---

* Appellees notified this court that they were never served with process in the district court and would not be filing a brief or otherwise participating in this appeal. After an examination of the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the appellant's brief and the record. *See* Fed. R.App. P. 34(a)(2).

authorities if he did not receive a response to his appeal within one month.

Winder filed this lawsuit on December 5, 2001, while his grievance was pending before the jail's appeal grievance committee. He does not allege that he ever spoke with any jail authorities regarding the status of his grievance appeal before filing this lawsuit. The district court dismissed his complaint, and he filed a notice of appeal to this court on December 20, 2001. Winder received no further response to his grievance, and on May 5, 2002 he was told by a social worker that the grievance committee would not respond to his complaint.

The Prison Litigation Reform Act requires that a prisoner exhaust all available administrative remedies before initiating a lawsuit regarding prison conditions. *See* 42 U.S.C. § 1997(e); *Perez v. Wis. Dep't of Corr.,* 182 F.3d 532, 537 (7th Cir.1999). If a prisoner plaintiff has failed to exhaust his administrative remedies, the district court must dismiss the complaint without reaching the merits. *Perez,* 182 F.3d at 536. Here, it is clear from Winder's complaint that he failed to pursue his remedies by completing the jail grievance procedures. As Winder admitted in his complaint, his detainee grievance remained "pending" when he filed this lawsuit. Moreover, although Winder attached the grievance committee's notice instructing him to inquire as to the status of his appeal after 30 days, Winder does not allege that he took this step in the process before filing this lawsuit. Indeed, the first time Winder asked *anyone* at the jail about the status of his grievance appeal was on May 5, 2002, six months after he filed this lawsuit.

Winder argues on appeal that he had exhausted his administrative remedies, because the jail's failure to respond to his grievance made that remedy unavailable to him. We have recently chosen to follow several other circuits by holding that an inmate may file a lawsuit if it becomes apparent that the prison refuses to respond to a grievance. *See Lewis v. Washington,* 300 F.3d 829, 833 (7th Cir.2002). But in *Lewis,* the prisoner's complaint was dismissed because his administrative grievance appeal was, in fact, denied as untimely as a result of delays caused by the prison. *See id.* at 832; *see also Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir.2002) (affirming dismissal where prisoner took untimely administrative appeal). Winder, on the other hand, never received a final disposition of his grievance appeal.

Moreover, the plaintiff in *Lewis* waited until the entire grievance process had been exhausted before filing his § 1983 lawsuit. *See Lewis,* 300 F.3d at 832. Winder, on the other hand, filed his complaint while an administrative grievance appeal was still pending, as he admitted. At the time he filed his § 1983 complaint the district court could not properly conclude that the jail was delinquent in providing a response. Because a prisoner must exhaust his administrative remedies prior to filing a complaint, *see* 42 U.S.C. § 1997(e), the district court correctly dismissed Winder's complaint.

The district court correctly dismissed Winder's complaint without prejudice, but it appears from the record that Winder has still not received any response from the jail to his grievance appeal. Thus, Winder is free to refile his lawsuit and have the issue of whether the jail's delay excuses him from the exhaustion requirement addressed by the defendant in the first instance. Further, because Winder was released from jail in June 2002, he is no longer a prisoner for purposes of 42 U.S.C. § 1997e(a), and therefore he may not be subject to PLRA's exhaustion re-

quirement. *See Dixon v. Page*, 291 F.3d 485, 488 n. 1 (7th Cir.2002).

AFFIRMED.