Wilbert HATCHER, Plaintiff–
Appellant,

v.

Jim JARVIS, Defendant–Appellee.

No. 03–1535.

United States Court of Appeals,
Seventh Circuit.

Submitted March 25, 2004.*

Decided May 26, 2004.

Wilbert Hatcher, Bunker Hill, IN, pro
se.

David P. Muller, Indianapolis, IN, for
Defendant–Appellee.

Before POSNER, DIANE P. WOOD,
and WILLIAMS, Circuit Judges.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

## ORDER

Indiana inmate Wilbert Hatcher, who is African American, filed an action under 42 U.S.C. § 1983 against several administrators and employees of the Miami Correctional Facility alleging that they violated his right to equal protection when they refused to hire him on the basis of his race to work in the wire harness shop at PEN Products (a division of the Indiana Department of Corrections that employs inmates in a variety of jobs). The district court first screened Hatcher's complaint under 28 U.S.C. § 1915A and dismissed all the defendants except Jim Jarvis, the PEN plant foreman at Miami, who made the decision not to hire Hatcher. The district court then found that Hatcher had failed to exhaust his administrative remedies before bringing his complaint as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), and granted summary judgment to Jarvis. Hatcher appeals the court's grant of summary judgment, and we affirm.

Hatcher applied for a position in PEN's wire harness shop. Jarvis found Hatcher qualified for the job, but filled the two positions he had available with two equally qualified inmates. A couple of months later, Hatcher filed an administrative grievance alleging that he was not hired because he is African American. A grievance specialist rejected Hatcher's complaint after Jarvis filed a written response stating that he did not racially discriminate in his hiring practices. Hatcher did not appeal the grievance specialist's decision to reject his complaint as required by the prison's grievance policy. Instead, he filed this complaint.

On appeal, Hatcher admits that he did not avail himself of all the remedies that Miami's grievance process provides. Thus, he did not file his "complaints and appeals in the place, and at the time, the prison's administrative rules require," as mandated by § 1997e(a). *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). Hatcher attempts to excuse his failure to appeal and thus exhaust his remedies by arguing, without elaboration, that he was prevented from complying with the prison's grievance process by unnamed prison officials. But Hatcher never made this argument to the district court, so he has waived it. *See Laborers' Int'l Union of N. Am. v. Caruso*, 197 F.3d 1195, 1197 (7th Cir.1999).

Accordingly, we AFFIRM the decision of the district court granting summary judgment for Jarvis.