**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Submitted February 17, 2006[*]
Decided February 21, 2006

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 05-2569

| | |
|---|---|
| DONALD ROBBINS, SR., <br>    *Plaintiff-Appellant,* | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division |
| v. | No. 1:04-cv-774-SEB-VSS |
| TODD LAPPIN, <br>    *Defendant-Appellee.* | Sarah Evans Barker, *Judge.* |

**O R D E R**

Donald Robbins, Sr., an Indiana inmate, filed a *pro se* lawsuit under 42 U.S.C. § 1983, claiming that detective Todd Lappin of the Indianapolis Police Department ("IPD") was deliberately indifferent to his requests for medical attention and used excessive force against him at IPD Headquarters. The district court granted Lappin's motion for summary judgment based upon Robbins's failure to exhaust his administrative remedies. We affirm but on the merits.

---

[*]After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

We review *de novo* the district court's grant of summary judgment, viewing all facts and inferences in Robbins's favor, *see Pepper v. Vill. of Oak Park*, 430 F.3d 805, 808 (7th Cir. 2005), and may affirm on the merits because the parties adequately addressed the issues in the district court, *see Cardoso v. Robert Bosch Corp.*, 427 F.3d 429, 432 (7th Cir. 2005). On August 3, 2003, police officers arrested Robbins following a tavern brawl and took him to IPD Headquarters where they turned him over to Detective Todd Lappin. Robbins, who had been drinking for three days before his arrest, says he requested that Lappin arrange immediate medical care for a broken wrist, facial lacerations, pulled muscles, and bruises he claimed he sustained during the fight. Lappin denied his request, finding nothing visibly wrong with Robbins. Lappin then placed Robbins in an interview room and handcuffed him to a chain in the floor, where Robbins fell asleep. During the morning of August 4 Lappin returned to the interview room and, Robbins says, threatened to beat him up unless he admitted his role in the fight. Robbins refused, but Lappin did not carry out his threat. That afternoon, less than 24 hours after his arrival at IPD Headquarters, Robbins was formally charged and moved to Marion County Jail.

Exhaustion of administrative remedies is a prerequisite to an inmate's claim under § 1983 challenging "prison conditions." *See* 42 U.S.C. § 1997e(a); *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). In this case, Detective Lappin presented evidence that Marion County Jail had a grievance procedure and that Robbins did not comply with that procedure prior to filing suit. But Robbins's alleged injuries occurred at the local police station, not at Marion County Jail. Lappin offered no evidence or explanation of how Marion County Jail's administrative remedies relate to injuries sustained at IPD Headquarters, assuming that those headquarters are a "prison" under § 1997e(a). Lappin also produced no evidence that the IPD itself had a grievance procedure that Robbins failed to utilize. Thus a question exists concerning exhaustion, but we need not explore this issue further because summary judgment was correct on the merits.

Robbins's § 1983 claim for denial of medical care fails because he produced no evidence that he suffered from an objectively serious medical condition necessitating treatment during the few hours he was in Lappin's custody. A prison official may be held liable for denying a pretrial detainee medical care only if the official knew of the detainee's objectively serious medical condition and ignored it. *Chavez v. Cady,* 207 F.3d 901, 904 (7th Cir. 2000). An objectively serious medical condition is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir. 1999) (internal quotations and citations omitted).

Lappin's motion for summary judgment included his sworn observations that Robbins exhibited no injuries requiring medical attention. In response, Robbins produced nothing but his own unsworn narrative and unauthenticated medical records to support his contention that the alleged injuries he sustained in the tavern brawl required immediate medical attention. This is insufficient to defeat summary judgment. *See* Fed. R. Civ. P. 56(e); *Payne v. Pauley*, 337 F.3d 767, 771 (7th Cir. 2003) ("a party opposing summary judgment may not rest on the pleadings"). Moreover, even assuming that the unauthenticated medical records would be admissible at trial, they actually demonstrate that Robbins did not suffer from an objectively serious medical condition necessitating immediate medical attention: an x-ray performed on Robbins's left arm four days after his arrival at Marion County Jail detected no fractures, and a radiology report from January 2005 shows that Robbins suffers from osteoporosis and "arthritic changes" in both wrists but notes "no evidence of any acute fracture." Because prison officials must respond only to conditions that an objectively reasonable officer would consider serious, *see Davis v. Jones*, 936 F.2d 971, 972-73 (7th Cir. 1991), and Robbins produced no evidence to contradict Lappin's sworn assessment that Robbins required no medical attention while at IPD Headquarters, this claims fails.

Robbins also contends that Lappin violated his rights under the Due Process Clause of the Fourteenth Amendment by threatening him and applying handcuffs too tightly to his allegedly broken wrists. There is no general constitutional right for an arrestee to be free of handcuffs, *Soares v. Connecticut*, 8 F.3d 917, 922 (2d Cir. 1993), and Robbins never said he complained to Lappin that his cuffs were too tight prior to this lawsuit. This claim therefore fails. *See Lyons v. City of Xenia*, 417 F.3d 565, 576 (6th Cir. 2005) (finding no claim of excessive force for tight handcuffing where arrestee never told officers of discomfort); *Kopec v. Tate*, 361 F.3d 772, 780 n.8 (3d Cir. 2004) (collecting cases); *see also Proffitt v. Ridgway*, 279 F.3d 503, 506 (7th Cir. 2002) (holding that for § 1983 liability to exist defendant must know of substantial risk of serious harm). Likewise, Robbins admits that, even though Lappin threatened him, Lappin never injured him or compelled a confession. Thus, this claim fails as well. *See Wilkins v. May*, 872 F.2d 190, 195 (7th Cir. 1989) (explaining that although physical or mental coercion that shocks the conscience may constitute a due process violation mere brow beating without more does not).

AFFIRMED.