In the
United States Court of Appeals
For the Seventh Circuit

No. 01-3623

Rodosvaldo Pozo,

Plaintiff-Appellee,

v.

Gary McCaughtry, Randall Gerritson,
and David Hautamaki,

Defendants-Appellants.

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 99-C-1464--Aaron E. Goodstein, Magistrate Judge.

Argued April 8, 2002--Decided April 18, 2002


   Before Bauer, Easterbrook, and Williams,
Circuit Judges.

   Easterbrook, Circuit Judge.  This
interlocutory appeal, by permission under
28 U.S.C. sec.1292(b), presents a single
question: Whether a prisoner's neglect to
take a timely administrative appeal
within the state system means that he has
failed to exhaust state remedies for
purposes of 42 U.S.C. sec.1997e(a). The
district court, acting through a
magistrate judge following consent under
28 U.S.C. sec.636(c), answered "no." The
magistrate judge reasoned that a prisoner
exhausts his state remedies by taking all
steps that the state requires, whether or
not the prisoner complies with the
state's rules for form and timeliness of
action. We reach the opposite conclusion:
unless the prisoner completes the
administrative process by following the
rules the state has established for that
process, exhaustion has not occurred. Any
other approach would allow a prisoner to
"exhaust" state remedies by spurning
them, which would defeat the statutory
objective of requiring the prisoner to
give the prison administration an
opportunity to fix the problem--or to
reduce the damages and perhaps to shed
light on factual disputes that may arise
in litigation even if the prison's
solution does not fully satisfy the

prisoner. See Porter v. Nussle, 122 S. Ct. 983 (2002); Booth v. Churner, 532 U.S. 731 (2001).

McCoy v. Gilbert, 270 F.3d 503, 508 (7th Cir. 2001), foreshadows this conclusion. Now we make it definitive. See also Marsh v. Jones, 53 F.3d 707, 710 (5th Cir. 1995); Harper v. Jenkin, 179 F.3d 1311 (11th Cir. 1999). The argument on the other side is that "exhaustion" carries two senses. One, from administrative law, is that exhaustion means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits). The other, until recently the norm in the law of collateral attack, is that a prisoner exhausts state judicial remedies by using whatever is available at the moment; if no remedies are left, then the challenge may proceed in federal court. See Engle v. Isaac, 456 U.S. 107, 125-26 n.28 (1982). The magistrate judge applied to sec.1997e(a) the old understanding for collateral attacks, rather than the norm for administrative law. We call it the "old" understanding for collateral attacks because it was jettisoned by O'Sullivan v. Boerckel, 526 U.S. 838 (1999). The Supreme Court held in Boerckel that to "exhaust" state judicial remedies, for purposes of 28 U.S.C. sec.2254(b)(1), a prisoner must use all available avenues of review. Thus a prisoner who did not ask the state's highest court to grant discretionary review in his case may well have no state remedies left, but his failure to use those the state had offered means that he did not exhaust those remedies. Thisholding merges the collateral-attack and administrative-law understandings of exhaustion. After Boerckel, a procedural default also means failure to exhaust one's remedies.

When we accepted the appeal in this case, we directed the parties to brief the question whether the approach of Boerckel applies to exhaustion under sec.1997e(a). Sensibly, the parties have agreed that it does. Exhaustion under sec.1997e(a) is administrative only; a prisoner who uses all administrative options that the state offers need not also pursue judicial review in state court; but a prisoner who does not properly take each step within the administrative process has failed to

exhaust state remedies, and thus is foreclosed by sec.1997e(a) from litigating. Failure to do what the state requires bars, and does not just postpone, suit under sec.1983.

Nonetheless, Pozo submits, his failure to file a timely administrative appeal is not conclusive. Pozo filed a proper administrative complaint. He had 10 days to appeal within the state system. Instead he waited a year, and after receiving his appeal the agency dismissed it as untimely. According to Pozo, his eventual appeal "exhausted" administrative remedies because the state could have accepted it and addressed the merits under Wis. Admin. Code sec. DOC 310.13(3). This rule says that the Corrections Complaint Examiner "may" accept and decide a belated appeal unless the passage of time has made it "difficult or impossible to investigate the complaint." In Pozo's case the Examiner did not adjudicate the untimely appeal, but the power to do so is enough for exhaustion, Pozo insists. He acknowledges that Coleman v. Thompson, 501 U.S. 722, 740-44 (1991), could be read the other way. Coleman holds that failure to take a timely appeal within the state system is a procedural default (and thus blocks federal collateral review unless the prisoner can show cause and prejudice) even when the state court has some power to accept untimely appeals. But Pozo treats Coleman as limited to situations in which the power to accept an untimely appeal is tightly confined; when the adjudicator has a broad discretionary power, as in Wisconsin, an untimely appeal should be treated as successful exhaustion.

As we said at the outset, this position would leave sec.1997e(a) without any oomph. Wisconsin cannot be unusual in allowing prison officials some authority to entertain untimely complaints and appeals. If the existence of this power means that prisoners need not file timely complaints and appeals, then the incentive that sec.1997e(a) provides for prisoners to use the state process will disappear. Prisons are unlikely to entertain many appeals filed a year late, or by prisoners who otherwise thumb their noses at the specified procedures.

To exhaust administrative remedies, a

person must follow the rules governing filing and prosecution of a claim. As Artuz v. Bennett, 531 U.S. 4, 9-10 & n.2 (2000), observes, these include time limits. Consider once more the analogy to collateral attack: if a state court accepts a belated filing, and considers it on the merits, that step makes the filing "proper" for purposes of state law and avoids exhaustion, default, and timeliness hurdles in federal court. See Jefferson v. Welborn, 222 F.3d 286 (7th Cir. 2000). But if the state stands on its time limits and rejects the filing as too late, then state remedies have not been properly invoked. See Freeman v. Page, 208 F.3d 572 (7th Cir. 2000). Cases look both ways on the question whether a document that is rejected as both late and unmeritorious counts as properly filed. Compare Brooks v. Walls, 279 F.3d 518 (7th Cir. 2002), with Rice v. Bowen, 264 F.3d 698 (7th Cir. 2001). But Pozo's application was not dismissed on dual grounds. It was rejected as dilatory, with no other ground given or even hinted at. What is more, discretion to extend the time under sec. DOC 310.13(3) is not linked to the merits. Cf. Ake v. Oklahoma, 470 U.S. 68 (1985). That is to say, the Examiner's decision not to entertain Pozo's untimely appeal does not imply any view about the merits of his grievance. So no matter how the Supreme Court resolves the question whether plain-error review or other merits-linked doctrines that may relax procedural rules can relieve a defendant of a default in the state's process, see Smith v. Stewart, 241 F.3d 1191 (9th Cir. 2001), cert. granted and question certified under the name Stewart v. Smith, 122 S. Ct. 1143 (2001), there is no doubt about the right treatment when the one and only ground for rejecting a claim or appeal is untimeliness. An unseasonable claim is a defaulted claim, as Coleman holds; and under Boerckel a defaulted claim has not been exhausted either.

To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require. Pozo filed a timely and sufficient complaint but did not file a timely appeal. He therefore failed to exhaust his administrative remedies, and his federal suit must be dismissed.

Reversed