Steven A. CONWAY, Plaintiff–
Appellant,

v.

Mike THURMER, et al., Defendants–
Appellees.

No. 01–2837.

United States Court of Appeals,
Seventh Circuit.

Submitted June 20, 2002.*

Decided June 24, 2002.

Before WOOD, Jr., COFFEY,
ROVNER, Circuit Judges.

### ORDER

Wisconsin inmate Steven Conway appeals the dismissal of his complaint under 42 U.S.C. § 1983 alleging that the prison retaliated against him for complaining about various prison administration policies and for talking with fellow inmates about his litigation against the prison. The district court dismissed the complaint

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

for failure to exhaust administrative remedies, and we affirm.

In his complaint Conway alleges three instances of retaliation by prison officials. First, Conway claims that he was terminated from his Alcoholics Anonymous ("AA") program in retaliation for requesting a hearing to excuse his absence from the program while he was in temporary lock up. Second, Conway alleges that he was fired from his prison job in retaliation for telling prison officials that he was concerned about his safety while working with an inmate who had previously attacked him. Third, Conway alleges that prison officials terminated his participation in an alcohol treatment program called NEXUS in retaliation for telling other inmates about his litigation against the prison.

Conway used the prison inmate complaint system to pursue a number of grievances contesting his termination from his job, from AA, and from the NEXUS program. Eventually he filed this § 1983 lawsuit against the named prison officials. After the defendants moved to dismiss the complaint, the district court granted Conway two additional weeks to provide evidence that he had exhausted his administrative remedies. Conway responded by arguing that he had raised a number of grievances with the prison and none of his remaining remedies would have been effective. In dismissing the complaint, the district court concluded that most of Conway's inmate complaints did not mention retaliation as the basis of his grievance, and that those inmate complaints which had specified retaliation were not properly appealed through the administrative process.

On appeal Conway raises many of the same arguments that he made in the district court to show that he exhausted his administrative remedies as required under the Prison Litigation Reform Act of 1995.

42 U.S.C. § 1997e; *see Perez v. Wis. Dep't of Corr.,* 182 F.3d 532, 537 (7th Cir.1999). We review the district court's grant of a motion to dismiss *de novo. Massey v. Helman,* 259 F.3d 641, 645 (7th Cir.2001).

■ First, Conway argues that he filed a multitude of inmate complaints concerning the three incidents he discusses in this lawsuit, and that these filings demonstrate that he satisfied the exhaustion requirement. Conway, however, has not shown that he used all available avenues of review within the prison's grievance system. The district court correctly found that most of Conway's offender complaints failed even to raise the retaliation claims that he asserts in this lawsuit.

Conway did specify retaliation as a basis to contest his job termination in two of his complaints, but he never completed the administrative process in either case. Wisconsin inmates may contest a job termination at a Prison Review Committee ("PRC") hearing before the termination becomes final, *see* Wis. Admin. Code § DOC 302.18(3), followed by a timely appeal to the warden. *See id.* § DOC 302.19(9). The Inmate Complaint Review System ("ICRS") provides another opportunity for a prisoner to appeal a PRC decision, or to initiate a grievance concerning prison conditions or civil rights violations. As the district court correctly noted, § DOC 310.08(3) provides that "[a]fter exhausting an appeal in § DOC 302.19 ..., an inmate may use the ICRS to challenge the procedure used by ... a program review committee." Through the ICRS, an inmate complaint examiner makes a recommendation to the warden, who renders a decision which may be further appealed to the Secretary of Corrections. *See* Wis. Admin. Code § DOC 310.13, 310.14. Conway failed to pursue his two grievances related to his current retaliation

claims all the way through the administrative process.

Conway also argues that he should not be required to exhaust his remedies because liberalized pleading standards apply to pro se litigants, and he substantially complied with the administrative requirements. But the PLRA does not permit liberalized standards for pro se plaintiffs on the theory of "substantial compliance" with exhaustion requirements. *Smith v. Zachary*, 255 F.3d 446, 452 (7th Cir.2001) (involving pro se plaintiff). Although we liberally construe Benford's pleadings, he must still meet the statutory requirement of exhaustion in order to state a claim.

Without elaboration, Conway next argues that he should not be required to exhaust because the PRC made procedural errors in affirming his termination from his job and alcohol treatment programs. But the correction of such procedural errors is precisely the purpose of the administrative right of appeal to the ICRS. *See* Wis. Admin. Code § DOC 310.08(3). As discussed above, Conway never properly appealed the PRC decision as to his termination from the job and treatment programs; thus, he failed to exhaust his remedies for this claim.

Finally, Conway asserts that because the time limits for his various administrative appeals have elapsed, he has no remedies left available to exhaust. But we have held that a prisoner's failure to avail himself of administrative remedies within the allotted time does not excuse him from satisfying the exhaustion requirement. *See Pozo v. McCaughtry*, 286 F.3d 1022 (7th Cir.2002) ("To exhaust remedies, a prisoner must file complaints and appeals

in the place, and at the time, the prison's administrative rules require").

AFFIRMED.