**Christopher RICKARD, Petitioner–Appellant,**

v.

**Jerry STERNES, Respondent–Appellee.**

No. 01–3011.

United States Court of Appeals, Seventh Circuit.

Argued June 4, 2002.

Decided Aug. 5, 2002.

Before COFFEY, EASTERBROOK, and WILLIAMS, Circuit Judges.

### ORDER

Christopher Rickard is a citizen of the United Kingdom who emigrated to the United States. He was convicted of killing a co-worker and received an indeterminate sentence of 40–80 years. Rickard requested a transfer to England to serve out his sentence pursuant to the Convention on the Transfer of Sentenced Persons. 35 U.S.T. 2867. This treaty permits citizens of a foreign country to serve their prison term in their native country if the original sentence is either compatible with the law of their native country or may be changed to a correspondingly similar sentence in the native country without aggravating the original sentence. The only indeterminate term that the United Kingdom recognizes is a life sentence, making Rickard's indeterminate term of 40–80 years incompatible with British law. Therefore, it is impossible for the United Kingdom to alter Rickard's sentence without increasing it to a life term, in violation of the treaty. Rickard asked the Illinois Department of Corrections to convert his sentence to a determinate number of years. The IDOC denied his request, claiming that it had no authority to convert Rickard's original sentence into a determinate term.[1] Rickard then filed a petition for a writ of mandamus, which the Illinois state courts denied. Rickard then sought habeas corpus relief in the district court, which was also denied. On appeal, Rickard argues that the lack of a mechanism by which he could apply to have his sentence modified violated his right to procedural due process. We find that Rickard procedurally defaulted and waived his procedural due process claim.

 Rickard contends that his procedural due process right has been violated because of the absence of any Illinois procedure allowing for a converted sentence. He also makes a perfunctory argument that he was denied equal protection but this argument was not developed before the state courts. A petitioner must fairly present federal constitutional issues to the state courts to preserve the right to have them considered by federal courts. *See Verdin v. O'Leary,* 972 F.2d 1467, 1472–73 (7th Cir.1992). While Rickard asserts that he raised his due process argument before the state courts, neither his petition for a writ of mandamus nor his petition for relief from judgment claimed that Illinois officials denied him equal protection or due process of law. Additionally, the state court held that the petition for relief from judgment was both late and improperly filed, and this is an independent and adequate finding under state law. *See Coleman v. Thompson,* 501 U.S. 722, 729–30, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Rickard did not file a timely appeal from that finding, and has procedurally defaulted his claim on that basis as well. *See Pozo v. McCaughtry,* 286 F.3d 1022, 1024–25 (7th Cir.2002).

Furthermore, Rickard failed to develop his procedural due process claim in his habeas corpus petition before the district court. He has cited no applicable Supreme Court law and did not indicate whether he was making a procedural or substantive due process claim. Although Rickard now cites cases and classifies his argument, it is too late—failing to raise a

---

1. In passing, we note that the Assistant Illinois Attorney General indicated her willingness to write a letter to the governor seeking a conversion of Rickard's sentence on Rickard's behalf.

claim adequately before the district court waives the argument on appeal. *See Varner v. Ill. St. Univ.*, 226 F.3d 927, 936–37 (7th Cir.2000).

■ Even if Rickard had not waived or procedurally defaulted his due process claim, his claim is still without merit. To establish a procedural due process violation, Rickard must demonstrate that the state statute he is challenging created a liberty interest that would trigger a constitutional violation if fair procedures were not followed. *See Kraushaar v. Flanigan*, 45 F.3d 1040, 1048 (7th Cir.1995). Liberty interests exist only if the statute or regulation uses mandatory language and substantive standards or criteria for decision-making, rather than vague standards that leave a decisionmaker with unfettered discretion. *See id.* (citing *Miller v. Henman*, 804 F.2d 421, 427 (7th Cir.1986)). The statute provides that the governor *may* authorize the Director of Corrections to consent to the transfer or exchange of offenders and take any steps necessary to do so, but such transfers are not required. 730 ILCS 5/3–2–3.1. The statute does not provide a mandatory process by which a transfer is considered nor does it offer any direction regarding the manner in which the discretion for making transfers is performed. Therefore, Rickard has no protectible liberty interest created by 730 ILCS 5/3–2–3.1.

We have considered Rickard's arguments on appeal and conclude that they are without merit and we AFFIRM the ruling of the district court.