Marlon L. WATFORD, Plaintiff–
Appellant,

v.

KANKAKEE POLICE DEPARTMENT,
et al., Defendants–Appellees.

No. 04–1664.

United States Court of Appeals,
Seventh Circuit.

Submitted Nov. 23, 2004.*

Decided Nov. 24, 2004.

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before BAUER, MANION, and WOOD, Circuit Judges.

## ORDER

Marlon Watford sued the City of Kankakee Police Department and the Kankakee County Sheriff's Department for being deliberately indifferent to his safety by failing to protect him from physical assault while in custody at the Kankakee County Courthouse. The district court found that Watford failed to exhaust administrative remedies, and dismissed the action under 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(a). Watford appeals, and we affirm.

According to Watford's complaint, he was assaulted in April 2002 while being escorted from the Kankakee County Courthouse to a van that would transport him back to prison. He claims that he was assaulted by Bryant Price with a knife that a deputy sheriff had earlier confiscated, but later returned to Price upon exiting the courthouse. Price was related to a man whose murder, which occurred in 1997, apparently had been attributed to Watford. Watford claims shortly after the murder, Price had threatened his life and that the City of Kankakee Police Department was aware of the threat. But the police department, Watford alleges, never relayed this information to the county sheriff's department when he was transferred to their custody. Such reckless disregard to his safety, Watford further alleges, amounts to deliberate indifference.

Watford filed a form complaint under 42 U.S.C. § 1983, alleging a violation of his Eighth Amendment rights. On the portion of the form that addresses exhaustion of administrative remedies, Watford specified that a grievance process was available at his institution, and that he did not file a grievance concerning the facts relating to this complaint. He explained that "the I.D.O.C. grievance committee has no jurisdiction over adjudicating actions toward the Kankakee Police Department nor Sheriff Department. I made attempts to file a grievance with the Kankakee County Sheriff Department and their department was nonresponsive." Watford attached to the complaint a copy of a letter he purportedly sent in late 2002 to the Kankakee County Sheriff's Department, in which he seemed to request the appropriate form for filing a grievance.

The district court dismissed Watford's complaint for failure to exhaust administrative remedies. *See* 42 U.S.C. § 1997e(a). The court found that Watford "merely requested a grievance form," but did not grieve the defendants' alleged conduct.

Watford then filed a Rule 59(e) motion to alter the judgment, arguing that his efforts to file a grievance went beyond his letter requesting a grievance form. He asserted that a phone call his lawyer purportedly made to the Kankakee County Sheriff's Department about his case some-

how constituted another attempt to file a grievance.

While Watford's 59(e) motion was pending, he moved to amend his complaint in order to show that he had exhausted his administrative remedies. He asserted that he had filed a formal grievance while in the Kankakee County Detention Center, but that he was unable to present a copy of the grievance because his personal belongings had been misplaced when he was released from KCDC's custody. The district court denied both Watford's 59(e) motion and motion to amend his complaint as moot.

Watford subsequently filed a motion to proceed on appeal in forma pauperis, in which he proceeded to re-argue the merits of his complaint. To this motion Watford attached a grievance dated June 1, 2002 that he allegedly submitted to the Kankakee County Sheriff Department, setting forth his allegations about the assault. In this grievance, Watford attributed his delay in filing to "numerous lockdowns at Menard Correctional Center, the plaintiff having no control over possession of pertinent documents" and "plaintiff's subsequent transfer to the state of Kentucky for pending litigation." The district court found no good faith basis for appeal, and denied Watford's IFP motion.

Watford now argues that the three attempts to file grievances ((1) his letter to the Sheriff's Department requesting a proper grievance form, (2) his attorney's phone call to the Sheriff's Department, and (3) his grievance filed with the Sheriff's Department), constitute exhaustion of his administrative remedies. He argues that he should not be faulted for failing to pursue an unanswered grievance before filing a § 1983 complaint. Review of a dismissal for failure to exhaust administrative remedies pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e is de novo. *McCormick v. Waukegan Sch. Dist.*, 374 F.3d 564, 565 (7th Cir.2004).

The PLRA mandates that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in a jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. 1997e(a). Exhausting administrative remedies requires the prisoner to take all steps prescribed by the institution's grievance system. *Pozo v. McCaughtry,* 286 F.3d 1022, 1023 (7th Cir.2002). The Inmate Rules & Regulations for the Kankakee County Detention Center specify the administrative procedures an inmate must follow to comply with the PLRA's exhaustion requirement:

> Inmate grievances are to be submitted to a member of the Correctional Staff and be forwarded to the Chief of Corrections. If the inmate does not feel comfortable giving the grievance form to a staff member, the grievance can be placed in the designated box on each floor (next to the elevator). Grievances should include the following: (1) Date & Time alleged grievance occurred; (2) Type of violations that occurred; (3) Name(s) of corrections's staff for whom the grievance is filed against: (4) A list of witnesses if any; (5) Grievances found to be valid will be responded to in writing within 7 days.

Complete exhaustion of this procedure is mandatory, and "substantial compliance" with the grievance process is insufficient to satisfy the exhaustion requirement. *Lewis v. Washington,* 300 F.3d 829, 834 (7th Cir. 2002).

Based on the record before us, none of Watford's three attempts to file a grievance conformed to the process outlined in the Inmate Rules & Regulations for the Kankakee County Detention Center. All

three attempted submissions were directed to the Kankakee County Sheriff Department and City Police Department, rather than the Kankakee County Detention Center, as required in the Inmate Rules & Regulations. Because Watford did not direct his submissions to the Kankakee County Detention Center, he failed to comply with the Detention Center's specified administrative procedures, *Pozo*, 286 F.3d at 1023. Therefore, Watford did not exhaust necessary administrative remedies.

AFFIRMED.