**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 19, 2005[*]
Decided May 23, 2005

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

No. 04-2280

| | |
|---|---|
| CLARK TRULY,<br>    *Plaintiff-Appellant*,<br><br>    *v.*<br><br>MICHAEL F. SHEAHAN, et al.,<br>    *Defendants-Appellees*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division<br><br>No. 01 C 9982<br><br>John W. Darrah,<br>*Judge.* |

**O R D E R**

Clark Truly sued Cook County Sheriff Michael Sheahan and correctional officers Willie Morris, Kieran Mundt, and Richard Brogan under 42 U.S.C. § 1983, asserting among other things that they violated his rights under the Fourteenth Amendment for failing to protect him from injuries caused by fellow prisoners at the Cook County jail. The district court granted summary judgment for the defendants

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

under the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), because Truly failed to exhaust administrative remedies.  We affirm.

When Truly was a pretrial detainee at Cook County jail, he got into a fight in a common room with another detainee named Dante who belonged to a gang.  Although Truly won that first fight, he says that Dante came back shortly thereafter with fellow gang members and beat him in retaliation.  Defendant Morris was the only guard on the tier of the jail that housed the common room, and he was stationed in the "bubble"—an observation post separated from the room by bars.  Within five minutes after the outbreak of the second fight, Morris had gathered fellow guards, entered the common room, and separated the prisoners.  Truly and the rest of the prisoners were disciplined for fighting and later confined to the same segregation unit.  While Truly was in segregation, no further violence occurred.  Sometime thereafter, Truly pleaded guilty to the charges for which he was awaiting trial (aggravated assault and possession of a stolen motor vehicle) and was released on probation, but he was soon arrested again (the record does not say why) and returned to Cook County jail.  In jail he sued Morris for failing to protect him from Dante's gang and Mundt and Brogan for putting him into segregation with his attackers (though we are puzzled by the latter claim since he does not allege that any harm came to him in segregation).  Defendant Sheahan was dismissed because the complaint was pleaded solely against the other defendants.

The district court granted summary judgment for the defendants because of Truly's failure to appeal grievances he filed before he being released from jail for the first time.  The court explained that Truly testified at his deposition that he filed administrative grievances but did not appeal their denials.  Instead, when he received the denials he filed new grievances.  The court further explained that after the defendants moved for summary judgment Truly tried to retract his admission about failing to appeal.  Truly filed both an affidavit explaining that he received no written responses to his grievances and errata sheets rewriting the substance of his deposition transcript (for instance, changing answers like "I never appealed the response" to read "I was never given a response" and "I didn't file an appeal" to read "Yes, I appealed subordinate shortcomings to superintendent").  But the court concluded that Truly could not stave off summary judgment by contradicting sworn deposition testimony.

On appeal Truly first argues that the district court erred in subjecting him to the PLRA's exhaustion requirement because he was a former pretrial detainee who had been released.  The PLRA, however, requires prisoners, including detainees of any jail, to exhaust all available administrative remedies before bringing suits for damages arising from conditions of confinement, 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  Whether a plaintiff is a prisoner subject to this

requirement depends on his status at the time he brought the suit, *Witzke v. Femal*, 376 F.3d 744, 750 (7th Cir. 2004), and Truly was incarcerated in the Cook County jail when he brought this suit.  Thus Truly was properly required to exhaust administrative remedies.

Truly also argues that the district court erred in granting summary judgment because there was no evidence in the record that he received *written* responses denying his grievances, and under the Department's regulations his duty to appeal did not arise until he received denials in writing.  His argument is difficult to parse, but he presumably means that the absence of written denials excuses his failure to pursue administrative appeals.

In order to satisfy the PLRA's exhaustion requirement, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002); *see also Booth v. Churner*, 532 U.S. 731, 734–35, 741 (2001) (affirming dismissal for failure to pursue administrative appeal).  Nonetheless, we "refuse to interpret the PLRA so narrowly as to permit prison officials to exploit the exhaustion requirement through indefinite delay in responding to grievances." *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002) (citations, alterations, and internal quotation marks omitted).

Here Truly himself admitted at his deposition that he did not properly pursue administrative appeals before filing suit.  That he simply filed more grievances in response to particular denials does not satisfy the prison's administrative requirements.  We agree with the district court that Truly may not contradict deposition testimony with his subsequent affidavits or errata sheets stating alternatively that he did not receive responses and that he appealed.  *See United States v. Funds in the Amount of Thirty Thousand Six Hundred Seventy Dollars*, 403 F.3d 448, 466 (7th Cir. 2005) (explaining that it would undermine the purpose of summary judgment to permit litigants to contradict earlier sworn testimony with sham affidavits); *Bank of Ill. v. Allied Signal Safety Restraint Sys.*, 75 F.3d 1162, 1168–69 (7th Cir.1996) (same); *see also Thorn v. Sundstrand Aerospace Corp.*, 207 F.3d 383, 389 (7th Cir. 2000) (stating that a litigant may not rewrite deposition testimony to manufacture issues of fact and defeat summary judgment where the correction cannot be plausibly interpreted as a correction to the transcript).  Regardless, Truly's argument that his affidavit did not *contradict* his earlier sworn testimony because it merely clarified that he did not receive *written* responses does not help him.  His new story—that he both did and did not appeal—is itself contradictory.

AFFIRMED.