UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted April 26, 2006[*]
Decided May 8, 2006

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

No. 05-3410

| | |
|---|---|
| RICHARD HOEFT, <br> *Plaintiff-Appellant,* <br><br> *v.* <br><br> DR. WISHER and DAVID ROCK, <br> *Defendants-Appellees.* | Appeal from the United States District Court for the Western District of Wisconsin <br><br> No. 05-C-333-S <br><br> John C. Shabaz, <br> *Judge.* |

**O R D E R**

Richard Hoeft, a Wisconsin state prisoner, brought suit under 42 U.S.C. § 1983 alleging that prison doctors failed to provide him with adequate medical treatment in violation of the Eighth Amendment.  The district court dismissed the case without prejudice under 42 U.S.C. § 1997e(a) for failure to exhaust administrative remedies.  We affirm.

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See* Fed. R. App. P. 34(a)(2).

We accept as true the facts as Hoeft alleges them in his complaint. *McCormick v. Waukegan Sch. Dist.*, 374 F.3d 564, 565 (7th Cir. 2004). While incarcerated at the Stanley Correctional Institution in Wisconsin, Hoeft filed an administrative complaint alleging that he received inadequate medical care for passing blood. On February 15, 2005, the complaint was dismissed because there was no evidence that Hoeft's medical needs were being neglected or denied. Hoeft had 10 days to file an appeal, but did not do so. On February 22, 2005, Hoeft was transferred to Bayfield County Jail where he remained until April 7, 2005, when he was returned to Stanley. On May 19, 2005, about six weeks after his return to Stanley, and three months after his complaint was dismissed, Hoeft appealed. The appeal was dismissed because it was untimely. The Complaint Examiner noted Hoeft's transfer, but concluded that the temporary absence did not constitute good cause to excuse the untimeliness.

Hoeft then commenced this § 1983 suit in federal court alleging inadequate dental and medical care in violation of the Eighth Amendment. Upon initial screening under 28 U.S.C. § 1915A, the district court dismissed the dental care claim for failure to state a claim, but allowed the medical care claim to proceed. The district court subsequently granted defendants' motion to dismiss the remaining claim for failure to exhaust administrative remedies. Hoeft now appeals the district court's dismissal of the inadequate medical care claim.

We review de novo the dismissal of a claim for failure to exhaust administrative remedies. *McCormick*, 374 F.3d at 565. The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." § 1997e(a). A prisoner has not exhausted his remedies unless he completes the administrative process by following the rules established by the state for that purpose. *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002). The Wisconsin grievance process requires prisoners to file an appeal within 10 days after the date of the decision they seek to appeal, however prison officials have the authority to accept an untimely appeal upon a showing of good cause. Wis. Admin. Code § DOC 310.13(1)–(2). A prisoner's failure to take advantage of a procedure for reconsidering untimely filings constitutes a failure to exhaust. *Cannon v. Washington*, 418 F.3d 714, 718–19 (7th Cir. 2005) (per curiam); *McCoy v. Gilbert*, 270 F.3d 503, 510–11 (7th Cir. 2001). Dismissals for failure to exhaust under § 1997e(a) are without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

Hoeft first argues that he was prevented from filing his administrative appeal in a timely manner because he was transferred to another facility during the 10-day filing period. As long as the state's application of its own procedural rules is

not arbitrary or capricious, we will not substitute our judgment for the state's. *See Caldwell v. Miller*, 790 F.2d 589, 596–97 (7th Cir. 1986) (holding that prison officials have broad discretion to adopt prison regulations and policies as long as they comply with constitutional standards and are reasonably related to achieving important correctional goals). Here, as the district court noted, the Complaint Examiner determined that Hoeft's transfer was not good cause to excuse his untimeliness because he could have filed prior to his transfer or immediately upon his return to Stanley. The time for Hoeft to present additional excuses was when he filed his untimely administrative appeal, not before the district court or this court, although even now Hoeft offers no explanation as to why he was unable to file his administrative appeal in the seven days prior to his transfer, during his time at Bayfield County Jail, or immediately upon his return to Stanley.

Hoeft next argues that he has exhausted all his administrative remedies because no additional remedies are available to him. The exhaustion doctrine requires prisoners to present their substantive claims to administrative bodies as required by state rules. *Pozo*, 286 F.3d at 1023. Hoeft failed to do so; instead he violated DOC 310.13(1), which required him to appeal within 10 days of the decision being appealed. That prison officials may decline further review is irrelevant to whether Hoeft exhausted his remedies. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (if a prisoner does not properly use the grievance process, prison officials can refuse to hear the case and the claim can be "indefinitely unexhausted"); *Ford*, 362 F.3d at 400–01 ("If it is too late to pursue administrative remedies, then exhaustion will prove impossible and § 1997e(a) will permanently block litigation.")

Accordingly, the judgment of the district court is AFFIRMED.