NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted January 17, 2014[*]
Decided March 6, 2014

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 13-2237

| | |
|---|---|
| KEVIN HUDSON, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Southern District of |
| | Indiana, Indianapolis Division. |
| *v.* | |
| | No. 1:12-cv-1206-JMS-DML |
| CORIZON MEDICAL SERVICES, *et al.,* | |
| *Defendants-Appellees.* | Jane E. Magnus-Stinson, |
| | *Judge.* |

## O R D E R

Kevin Hudson, an inmate at the Plainfield Correction Facility in Indiana, appeals the grant of summary judgment against him in this deliberate-indifference suit on the ground that he failed to exhaust administrative remedies. Hudson argues that summary

---

[*]After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

judgment was inappropriate because no administrative remedy was available to him. We affirm.

Near the end of 2012, Hudson contacted a member of Plainfield's medical staff with concerns about the treatment he was receiving for his medical ailments, including genital warts and a staph infection. About three weeks later, before he and that staff member could resolve his complaint, Hudson filed a formal grievance. Under Indiana's grievance procedure, an informal grievance process must be completed before a prisoner may file any formal grievance. IND. DEP'T OF CORRS. ADMIN. PROCEDURES, PROCEDURE 00-02-301, section XIII. The grievance officer accordingly returned the grievance to Hudson and, on an accompanying form, checked a box reflecting that Hudson had not tried to resolve the complaint informally and that he had five days to begin that process.

Rather than begin that process, Hudson sued Corizon Medical Services (a private company that provides medical care at Plainfield), the Indiana Department of Corrections, Brian Smith (Plainfield's Superintendent), John Dallas (Corizon's Vice President of Operations), Richard Tanner (a doctor at Plainfield), and Marla Gadberry (Plainfield's Medical Director). He alleged that these defendants provided constitutionally inadequate or delayed medical care for his ailments. At screening the district court dismissed Hudson's claims against the Indiana Department of Corrections on sovereign-immunity grounds; the court also dismissed the claims against Smith because Hudson did not allege his personal involvement in any constitutional deprivation. The court did however allow Hudson to proceed on his deliberate-indifference claims against the remaining defendants.

After discovery the remaining defendants moved for summary judgment, arguing that Hudson failed to exhaust his administrative remedies. They insisted that Hudson should have done one of two things when his grievance was returned—resubmit the grievance or appeal its denial—and introduced an affidavit from the grievance officer stating that Hudson had taken neither course. In response Hudson asserted that administrative remedies were unavailable to him because no one at the prison informed him of his right to appeal. The district court granted summary judgment for the defendants, explaining that Hudson presented no evidence to suggest that he could not obtain a grievance appeal form or that the grievance officer misled him about the grievance process.

On appeal Hudson challenges the court's ruling by reiterating that the grievance officer did not inform him of his right to appeal. Failure to exhaust may be excused when administrative remedies are unavailable through no fault of the prisoner, *see Turley v. Rednour*, 729 F.3d 645, 650 n.3 (7th Cir. 2013); *Dole v. Chandler*, 438 F.3d 804, 809–11 (7th Cir. 2006), and Hudson argues that the grievance officer's nonfeasance here excuses his failure to appeal.

But that would be true only if the grievance procedure was concealed by prison officials or otherwise unknowable to Hudson. *See Albino v. Baca*, 697 F.3d 1023, 1037–38 (9th Cir. 2012). Hudson, however, makes no such showing. He submitted nothing to suggest that the appeals procedure could not have been discovered through reasonable diligence, and his bare claim that he was unaware of the proper procedures does not render them unavailable. *See id.* at 1037 ("In short, the plaintiffs' ignorance of the administrative remedies alone did not excuse exhaustion."). Hudson failed to follow the administrative grievance procedures established by the state, *Pavey v. Conley*, 663 F.3d 899, 905 (7th Cir. 2011); *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002), either resubmitting his grievance (and indicating completion of the informal grievance process) or appealing its denial within 10 days. *See* PROCEDURE 00-02-301, Section XIV.

AFFIRMED.