**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 26, 2020[*]
Decided August 27, 2020

**Before**

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 19-2475

| | |
|---|---|
| QUAVOTIS HARRIS, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 18-cv-1439-NJR-MAB |
| JOHN BALDWIN, et al., *Defendants-Appellees.* | Nancy J. Rosenstengel, *Chief Judge.* |

**O R D E R**

Quavotis Harris, an Illinois prisoner who has sued prison officials under 42 U.S.C. § 1983, appeals the district court's judgment that he did not exhaust his administrative remedies. Harris alleges that the officials were deliberately indifferent to his medical needs, violated disability-rights laws by not accommodating his showering needs, and retaliated against Harris for filing grievances. After the defendants moved for summary judgment, raising the affirmative defense of lack of exhaustion, the district

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

court held an evidentiary hearing to resolve the defense. *See Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008). The court found that Harris had not exhausted his remedies for any of his claims and entered summary judgment for the defendants. Because the district court did not clearly err by crediting the defendants' evidence, we affirm.

We begin by outlining Illinois's multistep grievance process: Ordinarily, a prisoner may file, within 60 days of an incident, a complaint to a counselor or grievance officer. ILL. ADMIN. CODE tit. 20, § 504.810(a)–(b) (2016). The counselor or officer reports factual findings and recommendations to the Chief Administrative Officer (usually the warden), who provides a decision to the prisoner. *Id.* § 504.830(d) (2016). If the prisoner is dissatisfied, he may appeal to the Administrative Review Board "within 30 days" of the decision. *Id.* § 504.850(a)–(f) (2016). Regulations adopted in 2017 require that the Board "receive[]" the appeal within 30 days of the decision. *Id.* § 504.850(a) (2017).

For his first grievance, Harris attempted the multistep process, but the Board said that he appealed too late. (In the district court, Harris asserted that he filed eight grievances, but he discusses only three on appeal, so we limit our review to them.) Harris needs treatment for one leg that was amputated and another that has a rod from hip to knee. In his first grievance, filed on May 29, 2016, he complained that he had not received two prescribed pain drugs. An officer recommended denying the grievance as moot because Harris eventually received one of his drugs and the prescription for the other had expired. On June 13, the warden agreed and denied the grievance. Harris testified at the *Pavey* hearing that he placed his appeal of the warden's decision in the mail on June 27, fourteen days later. According to the defendants, the Board did not receive his appeal until July 29, 46 days after the decision and more than 30 days after he put his appeal in the mail. *See* ILL. ADMIN. CODE tit. 20, § 504.850(a) (2016). They also presented evidence that all other appealed grievances in Harris's file had traveled by mail from the prison to the Board in under 30 days. Thus, they argued (and the district court agreed), Harris's testimony that he mailed his appeal on June 27 was false.

Harris's second grievance concerned a correctional officer who allegedly refused to let him shower on July 29 to retaliate for past grievances. Harris testified at the *Pavey* hearing that, to complete the first step of the process, he sent a timely grievance about this officer to a counselor on July 29 but never received a response. A grievance counselor stated that the prison has no record of this submission. Harris also testified that he "resubmitted" the grievance to a different counselor. This was in September and beyond the 60-day time limit for reporting incidents. Harris further testified that in December he sent this grievance directly to the Board, which received his submission

on February 27, 2017.  The district court, discrediting Harris's testimony that he submitted this grievance to a counselor on July 29 and never received a response, ruled that Harris had not exhausted his administrative remedies about this incident.

Third, nearly a year later, on June 27, 2017, Harris filed a grievance about another shower incident. He had fallen in the shower earlier that month, and he complained that he needed a more accessible shower, a cane, or a crutch. On July 13, a grievance counselor responded to his grievance, noting that Harris had a permit to use a chair in the shower. According to Harris, he did not receive this response until November, after which he appealed to the warden, who decided on February 8, 2018, that the complaint was moot. Harris appealed the warden's decision to the Board (he did not testify when), but the Board received his appeal on April 26, more than 70 days after the warden's decision. The Board denied the appeal as untimely. The district court ruled that Harris had not exhausted his remedies about this incident.

On appeal, Harris initially focuses on the first grievance. He argues that the district court erred by not crediting his testimony that he mailed his appeal to the Board fourteen days after the warden's decision. In so arguing, he assumes that the "prison mailbox rule," which applies to court filings, *see* FED. R. APP. P. 4(c), also governs internal prison appeals. (We will return to this assumption.) He also argues that the defendants "conceded" that he exhausted his remedies for the first grievance, but they did not. They stated that, although Harris went through all steps that were required before going to the Board, he did not timely appeal to the Board. Under the current regulations, that conclusion is correct. These regulations state that the appeal "must be received" within 30 days of the warden's decision, ILL. ADMIN. CODE tit. 20, § 504.850(a) (2017), and the Board indisputably "received" his appeal more than 30 days after that decision. Thus, under the current regulations, Harris failed to exhaust his remedies for this grievance. *See Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

But even under the 2016 regulations, which merely required Harris to appeal "within 30 days after the date of the decision," ILL. ADMIN. CODE tit. 20, § 504.850(a) (2016), and even if we apply the prison mailbox rule, the district court did not clearly err in finding that he appealed too late. To benefit from the mailbox rule, Harris needed to persuade the court that he placed his appeal in the prison's mail within 30 days of the warden's decision. *See* FED. R. APP. P. 4(c). But the court reasonably discredited Harris's testimony that he did so on June 27, 2016 (and Harris proposed no alternate date). We defer to the district court's credibility findings, reversing only if "facially implausible" or "contradicted by extrinsic evidence." *Wilborn v. Ealey*, 881 F.3d 998, 1006 (7th Cir.

2018) (citations and quotation marks omitted). Here neither is true. Given the evidence that the Board received all his other appeals within 30 days of mailing, the district court did not clearly err in rejecting Harris's testimony that he mailed the appeal on June 27, as that date was more than 30 days before the Board received it. *See id.* at 1007.

Harris also argues unpersuasively that the district court clearly erred by finding that he did not exhaust his remedies for his second and third grievances. For the second grievance, the district court was permitted to reject Harris's testimony that he filed that grievance and accept the counselor's statement that the prison had no record of it. *See id.* at 1006–07. On the third grievance (about the shower fall), it is undisputed that the Board did not receive Harris's appeal until April 26, 2018, more than 70 days after the warden's decision in February 2018. By this time, the regulation adopted in 2017 (requiring *receipt* within 30 days of the warden's decision) was in effect, so that internal appeal was untimely and thus unexhausted.

Finally, Harris provides no argument to support his one-sentence contention that the district court erred by denying his motion for recruited counsel, so it is waived. *See Dorris v. Unum Life Ins. Co. of Am.*, 949 F.3d 297, 306 (7th Cir. 2020).

AFFIRMED