**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 20, 2021[*]
Decided April 21, 2021

**Before**

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 20-2008

| | |
|---|---|
| LEANDER J. GREGG, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Western District of Wisconsin. |
| | |
| *v.* | No. 19-cv-133-bbc |
| | |
| CORRECT CARE SOLUTIONS, LLC, | Barbara B. Crabb, |
| *et al.*, | *Judge*. |
| *Defendants-Appellees*. | |

**O R D E R**

LeAnder Gregg, while an inmate at Eau Claire County Jail in Wisconsin, sued prison officials and nurses for their deliberate indifference in failing to address side effects he endured after being given another prisoner's medication. The district court dismissed the suit under the Prison Litigation Reform Act for failure to exhaust administrative remedies. 42 U.S.C. § 1997e(a). We affirm.

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

As set forth in his complaint, the allegations of which we accept as true, *Ramirez v. Young*, 906 F.3d 530, 534 (7th Cir. 2018), Gregg began experiencing stomach pain minutes after being given medication. He saw a nurse, who admitted that a labeling error caused Gregg to receive the wrong medication and offered him some food to ease the symptoms. But a correctional officer denied him the food, as well as his request to be taken to a hospital.

The district court screened Gregg's complaint, *see* 28 U.S.C. § 1915A, and dismissed it for failure to state a claim. The court explained that the allegations suggested negligence at the most and did not support a claim under either the Eighth or Fourteenth Amendment. (Gregg had not specified whether, at the time of the incident, he was being held as a pretrial detainee.)

On reconsideration, the court permitted Gregg to supplement his complaint. He added allegations that the prison's protocols for dispensing medications were flawed and disregarded the risk that inmates with known allergies—like Gregg, whose antibiotic allergy was noted in his medical file—could suffer serious reactions from taking another inmate's medication.

The defendants moved to dismiss the complaint, arguing that Gregg failed to exhaust the prison's administrative remedies, as required under the PLRA. *See* 42 U.S.C. § 1997e(a). The defendants supplemented their motion with records of two grievances that Gregg filed. The first, filed a day after the incident, is the most relevant for our purposes. In it Gregg detailed what occurred—though, significantly, he did not specify any desired remedy. The grievance was forwarded to the treating nurse for an explanation. The nurse wrote back, reiterating that his inadvertent mislabeling of medicine cups led Gregg to be given a cup meant for a prisoner with a similar name. The nurse apologized and advised Gregg that, aside from the nausea he experienced, there would be no short or long-term side effects. Gregg took no further action at the time.

Gregg filed his second grievance five months later. He asked that the officer explain why his requests for food and transfer to a hospital were denied. This grievance was dismissed as untimely, a decision subsequently upheld on appeal to the sergeant on duty. Gregg did not appeal the sergeant's decision.

The court granted the motion to dismiss. Gregg, the court explained, failed to exhaust administrative remedies when he did not appeal the response he was given to

his initial grievance. His prison required that appeals be filed within two days of receiving a response.

On appeal Gregg mounts no challenge in his opening brief to the district court's ruling on exhaustion, an omission that would justify dismissal of his appeal. *See* FED. R. APP. P. 28(a)(8); *Cartwright v. Silver Cross Hosp.*, 962 F.3d 933, 936 (7th Cir. 2020). In his reply brief he urges for the first time that his failure to complete the grievance process should be excused because he was too sick to adhere to the deadlines prescribed by the prison. But arguments raised for the first time in a reply brief are waived, *Wonsey v. City of Chicago*, 940 F.3d 394, 398 (7th Cir. 2019), and, in any event, a court may not excuse an inmate's failure to exhaust available administrative remedies under the PLRA, even to take "special circumstances" into account. *Ross v. Blake*, 136 S. Ct. 1850, 1856, 1858 (2016). By failing to abide by the prison's requirement that he appeal the denial of his initial grievance within two days, Gregg failed to exhaust his administrative remedies. *See Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

AFFIRMED