**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 25, 2021[*]
Decided October 25, 2021

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 21-1484

| | |
|---|---|
| ROSCOE CHAMBERS, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of |
| | Illinois, Western Division. |
| *v.* | |
| | No. 20 CV 50009 |
| ANDREW CIOLLI, | Iain D. Johnston, |
| *Defendant-Appellee*. | *Judge*. |

### ORDER

Roscoe Chambers appeals the district court's dismissal of his habeas corpus petition seeking the restoration of his good-time credits. The district court dismissed his petition for failure to exhaust administrative remedies, concluding that he failed to file

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

his administrative appeal with the appropriate regional office of the Bureau of Prisons. We affirm.

While housed at United States Penitentiary McCreary in Pine Nut, Kentucky, Chambers was disciplined with the loss of 27 days' good-time credit for threatening prison staff. He later was transferred to United States Penitentiary Victorville in California.

From his new facility in California, Chambers filed an administrative appeal over the loss of good-time credit with the Bureau of Prison's Mid-Atlantic regional office. That office rejected his appeal on the grounds that he needed to file it in the region where he was "attached"—i.e., where he was then incarcerated (the Western Region). Chambers, however, did not resubmit his appeal to the Western regional office; instead, he appealed to the Bureau of Prison's Office of General Counsel. That appeal was denied on the same grounds as his prior appeal.

Chambers then petitioned for a writ of habeas corpus under 28 U.S.C. § 2241 to have his good-time credits restored. He asserted that the disciplinary proceedings violated his due-process rights because, among other things, the incident report had been fabricated and filed against him in retaliation for an earlier criminal complaint, and the evidence presented was insufficient to find him guilty.

The district court denied Chambers's petition for failure to exhaust his administrative remedies. The court highlighted the relevant Bureau of Prisons regulation, 28 C.F.R. § 542.14(d)(2), that required Chambers to file his appeal in the region where he was located at the time—the Western regional office, which oversees the Victorville facility. To the extent Chambers argued that he was never told of this requirement, the court pointed out that Chambers did not deny receiving the Mid-Atlantic regional director's denial of his appeal, with directions on where to file it. Lastly, the court concluded that Chambers's failure to appeal to the correct regional director did not fall within any of the common-law exceptions to the filing requirement.

On appeal, Chambers challenges the district court's ruling regarding exhaustion and asserts that Bureau policy allowed him to file his appeal with the Mid-Atlantic regional office—the office overseeing the prison where the hearing took place. But as the court correctly explained, 28 C.F.R. § 542.14(d)(2) required him to file his appeal "to the Regional Director for the region where [he was] currently located." Because Chambers was in Victorville when he filed his appeal, he needed to file it with the Western region. The exhaustion requirement meant that Chambers had to file his

appeal "in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). He did not exhaust.

We have considered Chambers's other arguments, and none has merit.

AFFIRMED