In the

# United States Court of Appeals

## For the Seventh Circuit

No. 22-1663

JAMES K. BREYLEY, III,

*Plaintiff-Appellant,*

*v.*

LARRY FUCHS, *et al.*,

*Defendants-Appellee*s.

Appeal from the United States District Court for the
Western District of Wisconsin.
No. 20-cv-00006 — **William M. Conley**, *Judge.*

ARGUED FEBRUARY 7, 2024 — DECIDED OCTOBER 9, 2025

Before WOOD,* LEE, and PRYOR, *Circuit Judges.*

PRYOR, *Circuit Judge.* On December 24, 2016, an inmate at-
tacked Plaintiff James Breyley at the New Lisbon Correctional
Institution in Wisconsin. Following the attack, Breyley sued
several of the prison's employees, alleging they were

---

* Circuit Judge Wood retired on May 1, 2024, and did not participate in the
decision of this case, which is being resolved under 28 U.S.C. § 46(d) by a
quorum of the panel.

deliberately indifferent to his health and safety. The district court granted summary judgment in favor of Defendants after concluding that Breyley failed to exhaust his administrative remedies before seeking relief in federal court. Finding controlling our decision in *Lockett v. Bonson*, 937 F.3d 1016 (7th Cir. 2019), the court observed that a prisoner could not offer a "bald assertion of timely filing" to counter evidence that a prison did not receive the prisoner's administrative filing, and that Breyley should have inquired as to the status of his inmate complaint after not receiving any acknowledgment of receipt. *Lockett*, however, is distinguishable. Breyley offered evidence, not a mere "bald assertion," to create a genuine dispute of fact as to whether he timely filed an inmate complaint. 937 F.3d at 1027. We therefore vacate the judgment below and remand.

## I.   BACKGROUND

The following facts are presented in the light most favorable to Breyley. *See Kaba v. Stepp*, 458 F.3d 678, 681 (7th Cir. 2006).

Breyley is a prisoner at the New Lisbon Correctional Institution. On December 24, 2016, another inmate struck Breyley in the face ten times, severely fracturing Breyley's nose. Prison officials knew there was a risk Breyley might be attacked yet took no preventative measures. A doctor instructed Breyley to see a specialist within a week to ensure proper healing, but medical staff refused to arrange for him to be seen in that timeframe.

Nine days after the attack, on January 2, 2017, Breyley requested and received an inmate complaint form. A correctional officer instructed him to place the complaint in the door

of his cell for collection. Breyley did so the same day, claiming in his complaint that prison officials failed to protect him from the attack and prevented him from seeing a specialist to address his injury.

Breyley did not receive an acknowledgment that an Institution Complaint Examiner received his complaint. Accordingly, on February 1, 2017, he asked one of the examiners why he did not receive any letter notifying him of receipt. The examiner told Breyley that she never received an inmate complaint from him. In response, Breyley recounted that he placed his complaint in the door of his cell. He also told the examiner that he had written to several inmates and recorded in his journal that he had filed a complaint. The examiner instructed Breyley to file a new complaint, advising that it mention that Breyley had placed the prior complaint in the door of his cell and recorded the complaint's filing in his journal. Breyley did so that day, mentioning in the new complaint his journal, his letters to other inmates, and the examiner's advice. Breyley's new complaint and subsequent appeal were rejected.

Nearly three years later, Breyley sued prison officials and medical staff in federal court for failing to protect him from the attack and deliberately refusing him medical treatment. Defendants moved for summary judgment on the basis that Breyley failed to exhaust his administrative remedies by failing to file an inmate complaint within fourteen days of the attack. Though Defendants acknowledged that a complaint filed on January 2, 2017, would have been timely, they argued there was no evidence Breyley had filed a complaint on that date. Instead, they urged that Breyley only filed a complaint on February 1, 2017, which fell outside the fourteen-day

timeline. As support, Defendants submitted Breyley's inmate complaint history and February 1 complaint, as well as a declaration from one of the prison's Institution Complaint Examiners.

Breyley responded that he exhausted all administrative paths available to him, including by filing a complaint on January 2. He submitted a sworn declaration stating that he filed a complaint on that date, wrote to other inmates about the complaint, recorded it in his journal, and filed a new complaint after speaking with an examiner. He also submitted a copy of his January 2 journal entry in which he recounted filling out an "IC Form."

The district court granted Defendants' motion for summary judgment and dismissed Breyley's claims, finding that Breyley did not timely file a complaint about the attack or related medical treatment. It reasoned that Breyley would have received an acknowledgment from the prison had he filed a complaint on January 2, and, under *Lockett*, he was obligated to follow up when he did not receive one. Breyley appeals.[1]

## II.   ANALYSIS

"We review a district court's decision to grant summary judgment de novo." *Jones v. Lamb*, 124 F.4th 463, 467 (7th Cir. 2024). A defendant is entitled to summary judgment on the affirmative defense of failure to exhaust administrative remedies if the defendant shows there is no genuine dispute of

---

[1] We thank court-appointed counsel Bridget Murphy Wholey, Neil Conrad, Emma Kurs, Ellen Wiencek, and the law firms of Sidley Austin LLP and Goldman Ismail Tomaselli Brennan & Baum LLP for their able service to Breyley on appeal.

material fact and the defendant is entitled to judgment as a matter of law. *Id.*

Breyley challenges the district court's conclusion that he did not file a complaint on January 2. He argues that he followed the instructions provided by the Wisconsin Administrative Code, but that the prison kept his administrative remedies out of reach. He requests reversal or remand for an evidentiary hearing under *Pavey v. Conley*, 544 F.3d 739 (2008), to resolve the question of exhaustion.

Under the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions … by a prisoner … until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). We take a "strict compliance" approach to exhaustion. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

However, "a prisoner need not exhaust remedies that are unavailable." *Hernandez v. Lee*, 128 F.4th 866, 869 (7th Cir. 2025). An administrative remedy becomes "unavailable" if prison employees do not "respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole*, 438 F.3d at 809; *see also Jones*, 124 F.4th at 468 (administrative remedies are unavailable "[w]hen prison officials fail to timely respond to a prisoner's grievances").

"[W]e must bear in mind that failure to exhaust is an affirmative defense, and as such the burden of proof is on the defendants to establish that administrative remedies were not

exhausted, and not on the prisoner to show that administrative remedies were unavailable." *Smallwood v. Williams*, 59 F.4th 306, 315 (7th Cir. 2023). "If genuine factual disputes exist related to the availability of remedies, summary judgment is inappropriate." *Hernandez*, 128 F.4th at 869.

At the time of the events in this case, inmates were required to file a complaint "within 14 calendar days after the occurrence giving rise to the complaint." WIS. ADMIN. CODE DOC § 310.09(6) (2014). Complaints filed after that timeframe without good cause for untimeliness would be rejected. *Id.* § 310.11(5)(d) (2014). In light of these requirements, the district court concluded that Breyley did not file a timely inmate complaint relating to the December 24, 2016, attack or treatment of his injury. It analogized this case to *Lockett*, observing that Breyley "should have" received an acknowledgment of receipt had he timely filed a complaint on January 2, 2017, and "fail[ed] to follow up" about the absence of a receipt until February 1.

In *Lockett*, we affirmed the district court's finding on summary judgment that the plaintiff failed to exhaust his administrative remedies. 937 F.3d at 1026, 1028. The plaintiff supported his position that he timely filed an administrative appeal with no more than a "bald assertion of a timely filing," did not offer an acknowledgment of receipt to prove he filed his appeal, and did not show that he contacted anyone about not receiving such an acknowledgment. *Id.* at 1027.

But we have more than a "bald assertion" that Breyley timely filed a complaint on January 2. Breyley stated in a sworn declaration that he filed a complaint on January 2, wrote to other inmates about filing a complaint, and recorded the filing in his journal. *See Hernandez*, 128 F.4th at 870 (a

sworn declaration is "sufficient to raise a genuine factual dispute" on exhaustion of remedies). He corroborated his declaration with a copy of his journal entry from January 2, in which he wrote, "Filled out IC Form." And his February 1 complaint includes repeated references to a "lost" complaint that he reported filing on January 2. Defendants did not challenge the admissibility of or otherwise contest Breyley's evidence in the district court. Given the evidence that Breyley timely filed his complaint, we need not look to the prison's acknowledgment of receipt system for evidence of that complaint, as we did in *Lockett*.

We acknowledge Defendants submitted evidence to the district court to support their contention that Breyley did not file a complaint on January 2. For instance, Defendants submitted a report of Breyley's inmate complaint history, which contains no record of a complaint filed on January 2, and a declaration from one of the prison's Institution Complaint Examiners stating that Breyley did not file a complaint regarding the treatment of his nose following the attack. The conflicting evidence submitted by the parties creates a dispute of fact as to whether Breyley filed a complaint on January 2. Dismissal for non-exhaustion was therefore unwarranted, and remand is appropriate. *See Jackson v. Esser*, 105 F.4th 948, 957–58 (7th Cir. 2024).

One final piece of business remains. Typically, we have required district courts to hold an evidentiary hearing to resolve the exhaustion question on remand. *See Pavey*, 544 F.3d at 742.[2] But while this case was pending on appeal, the Supreme

_____

[2] The Defendants argue that Breyley waived his request for a *Pavey* hearing. A *Pavey* hearing, however, is not something to be waived; it's one of

Court decided *Perttu v. Richards*, 605 U.S. 460 (2025). In *Perttu*, the Supreme Court held that "parties are entitled to a jury trial on PLRA exhaustion when that issue is intertwined with the merits of a claim protected by the Seventh Amendment." *Perttu v. Richards*, 605 U.S. 460, 479 (2025). Before proceeding with the evidentiary hearing, the district court must determine whether the issue of exhaustion is intertwined with the merits of Breyley's claims. Given the lack of briefing on this question both before us and the district court, we decline to take it up in the first instance. We will leave it to the district court to determine whether Breyley's case falls within the exception entitling the parties to a jury under the Seventh Amendment.

### III.    CONCLUSION

For these reasons, we VACATE the judgment of the district court and REMAND for proceedings consistent with this opinion.

---

the means of deciding a factual issue when exhaustion is contested. 544 F.3d at 742; *see Wagoner v. Lemmon*, 778 F.3d 586, 588 (7th Cir. 2015) ("Often exhaustion (or its lack) will be apparent, but when it is not, the district court must hold an evidentiary hearing to resolve the question.").