UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Submitted May 3, 2006[*]
Decided May 8, 2006

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 05-2208

| | |
|---|---|
| RODOSVALDO C. POZO,<br>    *Plaintiff-Appellant,* | Appeal from the United States District<br>Court for the Eastern District of Wisconsin. |
| *v.* | No. 02-C-0414 |
| JANE HEIN, et al.,<br>    *Defendants-Appellees.* | Rudolph T. Randa,<br>*Chief Judge.* |

**O R D E R**

Rodosvaldo Pozo challenges the dismissal of three discrete claims among the 22 he and a fellow Wisconsin inmate leveled against 30 different prison employees in this action under 42 U.S.C. § 1983. We affirm the judgment.

Pozo, who at all relevant times has been confined at the Wisconsin Secure Program Facility, contests the dismissal of his lawsuit only as to Claims 1, 4, and

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

14. In Claim 1 he alleges that four of the defendants refused to serve him breakfast for nine days in December 2001 during Ramadan, a time of dawn-to-dusk fasting. The deprivation, he says, ostensibly was prompted by his refusal to remove a towel from his head but really was motivated by a desire to retaliate for several specific lawsuits. In Claim 4 Pozo alleges that two other defendants engineered his demotion to a more-restrictive custody classification for a period of just over two weeks at the end of 2001, again out of retaliation for his lawsuits. And, finally, in Claim 14 he alleges that three of the defendants confiscated an order issued by the judge presiding over one of his lawsuits after he mailed it to his co-plaintiff in this case. Ultimately the district court dismissed all three claims at summary judgment, the first on the merits and the other two for failure to exhaust administrative remedies. The defendants rest on lack of exhaustion with respect to Claims 4 and 14, so we will not discuss the merits of either claim. *See Perez v. Wis. Dep't of Corrs.*, 182 F.3d 532, 535 (7th Cir. 1999). Our review is *de novo. Thornton v. Snyder*, 428 F.3d 690, 693 (7th Cir. 2005).

Pozo's challenge to the grant of summary judgment on Claim 1 ignores the procedural posture of this appeal. The defendants introduced evidence, which wasn't contested, that Pozo was denied breakfast because he refused to comply with a prison rule requiring that he first remove clothing from his head so that guards could determine whether he had a weapon. The defendants' enforcement of this rule did not violate the Eighth Amendment. *See Freeman v. Berge*, 441 F.3d 543 (7th Cir. 2006) (holding that defendants did not violate Eighth Amendment by denying food to inmate who refused orders to put on pants and remove sock from his head as a condition of being served). It does not matter that, partly in response to Pozo's grievance, prison administrators later concluded that future intransigence should be met with a disciplinary case instead of withholding food. The defendants acted consistently with the prison rule as it existed at the time, though Pozo would not have a claim under § 1983 even if that was not the case. *See Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (explaining that § 1983 provides a remedy for constitutional violation, not violations of state statutes and regulations); *Archie v. City of Racine*, 847 F.2d 1211, 1216-17 (7th Cir. 1988) (explaining that violation of state law does not give rise to actionable § 1983 claim unless it independently violates the Constitution or federal law). Moreover, although Pozo alleged in his complaint that the defendants enforced the rule in retaliation for his litigiousness, he did not contradict their statements denying knowledge of his lawsuits (none of which involve the four defendants). *See Hayes v. Potter*, 310 F.3d 979, 982-83 (7th Cir. 2002) (holding that, in employment context, employer cannot retaliate when it is unaware of any complaints). In any event, given his rule violation he could not establish that retaliation was a substantial motivating factor for the defendants' actions. *See Spiegla v. Hull*, 371 F.3d 928, 942 (7th Cir. 2004); *Babcock v. White*, 102 F.3d 267, 275 (7th Cir. 1996).

Pozo's challenge to the dismissal of Claim 4 is frivolous. The defendants acknowledge that Pozo submitted a grievance to an Inmate Complaint Examiner alleging that his custody classification had been changed in retaliation for his litigation activities. The defendants also acknowledge that Pozo sent an appeal of the warden's decision to a Corrections Complaint Examiner ("CCE"), but they introduced evidence that Pozo took no further action after the CCE returned the unprocessed appeal to Pozo because it was not signed. Prisoners must exhaust administrative remedies in the manner prescribed by administrative rules, *Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005); *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002), and the Wisconsin prison system requires that appeals be signed, Wis. Admin. Code § DOC 310.09(1)(b). Pozo's attempt here to show that he fully exhausted *another* grievance that challenged his custody classification on a different basis is beside the point. Accordingly, there is no legitimate dispute about Pozo's failure to exhaust this claim.

Pozo's challenge to the district court's exhaustion analysis on Claim 14 is more substantial but nonetheless without merit. The warden dismissed Pozo's grievance on that claim, and at summary judgment a CCE submitted an affidavit attesting that her search for a corresponding appeal had been fruitless. Pozo, though, responded by submitting his copy of a CCE's recommendation to the Secretary of the Department of Corrections that his appeal concerning "Complaint File # SMCI-2002-9110" be dismissed. The district court took the position that this recommendation must be unrelated to the grievance underlying Claim 14 because the CCE's one-line reference to Pozo's grievance mentions a disciplinary case filed against the inmate from whom the defendants seized the court order. But the grievance number on the CCE's recommendation matches the grievance underlying Claim 14, and the examiner's recommendation was to dismiss Pozo's appeal of that grievance "based on the rejection summary of the Inmate Complaint Examiner." That would be enough to defeat summary judgment if the only question was whether the CCE's recommendation concerns the grievance underlying Claim 14. The district court also noted, however, that the CCE's recommendation is not the final step in the administrative process because the Secretary may accept or reject that recommendation or return the matter to the CCE for further investigation. *See* Wis. Admin. Code § DOC 310.14. In this case the CCE's report bears a "Print Date" of April 15, 2002, more than three weeks after Pozo's § 1983 complaint was signed and notarized. That complaint was already filed by the district court on April 23, 2002, so it is apparent that Pozo did not wait for the Secretary's decision before including this claim in his complaint. Indeed, Pozo has never said that he got an answer from the Secretary before bringing suit. For that reason the court was correct to dismiss the claim. *See Dixon v. Page*, 291 F.3d 485, 488 (7th Cir. 2002); *Perez*, 182 F.3d at 534-35.

AFFIRMED.