13-4430-pr
*Peeler v. McGill*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of October, two thousand fourteen.

PRESENT:

> JOHN M. WALKER, JR.,
> JOSÉ A. CABRANES,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

RUSSELL PEELER,

> *Plaintiff-Appellant,*

-v.-                                                                 No. 13-4430-pr

JEFFREY E. MCGILL, WARDEN, ET AL.,

> *Defendants-Appellees.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PLAINTIFF-APPELLANT:**        Russell Peeler, *pro se*, Somers, CT

**FOR DEFENDANTS-APPELLEES:**       Ann E. Lynch and Colleen B. Valentine, Assistant Attorneys General, *for* George Jepsen, Attorney General, Connecticut Office of the Attorney General, Hartford, CT

Appeal from a judgment of the United States District Court for the District of Connecticut (Robert N. Chatigny, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED**.

Russell Peeler, proceeding *pro se*, appeals the District Court's grant of summary judgment to defendants, a group of state corrections staff. The District Court concluded that Peeler had failed to exhaust his administrative remedies before bringing his 42 U.S.C. § 1983 complaint. We review an order granting summary judgment *de novo*, "'resolving all ambiguities and drawing all permissible factual inferences in favor of the party against whom summary judgment is sought.'" *Burg v. Gosselin*, 591 F.3d 95, 97 (2d Cir. 2010) (quoting *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009)). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Under the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 . . . , or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Johnson v. Killian*, 680 F.3d 234, 238 (2d Cir. 2012). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The Supreme Court has also held that the PLRA exhaustion requirement requires proper exhaustion, "which means using all steps that the agency holds out . . . so that the agency addresses the issues on the merits." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (internal quotation marks and parentheses omitted) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). That is, "prisoners must complete the administrative review process in accordance with the applicable procedural rules—rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones v. Bock*, 549 U.S. 199, 218 (2007) (internal citation and quotation marks omitted).

Upon an independent review of the record, we conclude that the District Court did not err in finding that Peeler failed to exhaust his available administrative remedies properly before filing his federal complaint, and that this failure should not be excused. We therefore affirm for substantially the same reasons stated in the District Court's thorough decision.

We have considered all of Peeler's arguments and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the District Court.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

2