NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 8, 2007[*]
Decided March 9, 2007

**Before**

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 06-1675

| | |
|---|---|
| TERRY TWITTY, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 04 C 1660 |
| FRANK McCOSKEY, JAMES McQUEARRY, LIEUTENANT MASON, *et al.*, *Defendants-Appellees.* | Larry J. McKinney, *Chief Judge.* |

**O R D E R**

Terry Twitty sued staff members of the Hendricks County Jail in Indiana under 42 U.S.C. § 1983, alleging that they were deliberately indifferent to his medical needs while he was a pretrial detainee at the jail between January and August of 2003. The district court screened the complaint under 28 U.S.C.

---

[*]After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

§ 1915A(b) and dismissed certain general claims of relief against certain officers. The remaining defendants subsequently moved for summary judgment on grounds that Twitty did not exhaust his administrative remedies as required under 42 U.S.C. § 1997e(a). The district court granted the motion. We affirm.

Twitty admitted at deposition that he did not file any grievances because he did not believe a grievance process existed. Instead, he asserted in an affidavit, he, his cellmates, and his family complained repeatedly to jail staff about his treatment, both verbally and in writing. He did not produce any record of these complaints or copies of any written complaints, however, nor did he identify to whom the complaints were made, when they were made, or what their contents were. The defendants offered evidence of a formal, written grievance procedure used by the jail and corroborated Twitty's failure to file a formal grievance under those procedures. Moreover, they offered testimony that the jail never received any other written communication from Twitty or anyone else addressing his medical needs.

The district court found that the jail had a formal grievance procedure that Twitty did not follow, and granted summary judgment for the defendants because Twitty failed to exhaust administrative remedies. The court determined that Twitty's other complaints could not substitute for compliance under the formal grievance procedures and that his unawareness of those procedures did not excuse his noncompliance.

On appeal, Twitty argues that the district court erred in determining that he did not exhaust his administrative remedies. He argues essentially that his verbal and written complaints should suffice as an informal substitute for complying with the jail's formal grievance procedures because those complaints put the jail on notice in the same way that a formal grievance would.

The district court properly found that these complaints did not satisfy the exhaustion requirement. In order to exhaust administrative remedies, a prisoner must comply with all steps prescribed by the jail's grievance system. *See Woodford v. Ngo*, 126 S.Ct. 2378, 2382-83, 2386-87 (2006); *Kaba v. Stepp*, 458 F.3d 678, 683-84 (7th Cir. 2006); *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002). Moreover, the prisoner must see the grievance process to its conclusion; the doctrine of substantial compliance does not apply. *Lewis v. Washington*, 300 F.3d 829, 833-34 (7th Cir. 2002). Because Twitty (as he admits) did not properly follow the jail's formal procedures for filing a grievance, he failed to exhaust his administrative remedies.

Twitty also argues that even if the jail had a formal grievance procedure in place, the jail's failure to respond to his complaints signaled that any formal procedure would be equally unresponsive and effectively "unavailable." It is true that jail officials may not exploit the exhaustion requirement through indefinite delay in responding to grievances. *Dole*, 438 F.3d at 809; *Lewis*, 300 F.3d at 833. But "when the prisoner causes the unavailability of the grievance process by simply not filing a grievance in a timely manner, the process is not unavailable but rather forfeited." *Kaba*, 458 F.3d at 684 (citing *Ngo*, 126 S.Ct. at 2387, 2392-93). Twitty made his complaints outside the channels of the grievance procedure, and thus failed to avail himself of the administrative remedies that existed to redress his medical indifference claim.

Lastly, Twitty argues that he should not be required to exhaust administrative remedies when he was unaware of any formal grievance procedure available at the jail. He argues that the jail failed to make him aware of the procedure, and that this omission should excuse him from having to formally comply with it. A prisoner's lack of awareness of a grievance procedure, however, does not excuse compliance. As the Eighth Circuit has observed, 42 U.S.C. § 1997e(a) "says nothing about a prisoner's subjective beliefs, logical or otherwise, about administrative remedies that might be available to him. The statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them." *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000); *see also Yousef v. Reno*, 254 F.3d 1214, 1221 (10th Cir. 2001) (assistant attorney general's response to prisoner's informal complaint had no duty to inform prisoner of prison's formal grievance procedures). Twitty failed to do so, and we are not free to "engraft upon the statute an exception that Congress did not place there." *Chelette*, 229 F.3d at 688. Furthermore, there is no suggestion here of any affirmative misconduct on the part of the jail to prevent Twitty from learning about and pursuing the grievance procedure, *see Dole*, 438 F.3d at 809; as such, he bore the responsibility of taking the appropriate steps to comply with the proper procedure, *see Yousef* , 254 F.3d at 1221; *Chelette*, 229 F.3d at 688.

For the foregoing reasons, the decision of the district court is AFFIRMED.