*Note:  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2013-401

OCTOBER TERM, 2014

| | |
|---|---|
| Kelley O'Brien | } APPEALED FROM: |
| | } |
| | } Superior Court, Washington Unit, |
| v. | } Superior Division |
| | } |
| | } |
| Andrew Pallito, et al. | } DOCKET NO. 496-8-11 Wncv |

Trial Judges: Michael S. Kupersmith &
Robert R. Bent

In the above-entitled cause, the Clerk will enter:

Plaintiff sued the Commissioner of the Department of Corrections (DOC) and several DOC officers claiming violations of his civil rights and common-law battery.  The court dismissed the federal claims and granted defendants judgment on the battery claim after a trial.  On appeal, plaintiff argues that the federal claims were improperly dismissed, he was deprived of critical documents during discovery, and the court's evidentiary rulings were in error.  We affirm.

Plaintiff came into DOC custody in February 2009 after criminal charges were filed against him.  Prior to his arrest, plaintiff was involved in a police chase during which he was shot in the back.  Plaintiff was initially placed in a medical unit following his discharge from the hospital, and then sent to the Northern State Correctional Facility for pretrial detention.  The bullet injury caused him pain, diminished his mobility, and required using a cane.  He believed that he would have been more suitably housed at a different facility with a different layout and better medical care and closer access to his lawyer.  After just a couple of days at the facility, plaintiff had an altercation with DOC officers.  Plaintiff alleged that during an incident on May 8, 2009, he was assaulted and pepper sprayed by DOC officers, which caused him physical and emotional pain.  In July 2010, plaintiff filed a grievance based on this incident.  The DOC dismissed it as untimely filed.  In 2011, plaintiff filed a Rule of Civil Procedure 75 request for review of government action to challenge the dismissal of his grievance.  That complaint was dismissed.

Plaintiff then filed this suit, alleging DOC officers used excessive force, violated his federal rights, and committed common-law assault and battery.  Defendants moved to dismiss the claims on several grounds.  The court concluded that res judicata barred the court from addressing whether DOC properly dismissed his grievance as untimely.  The court held, however, that res judicata did not bar plaintiff's other legal claims because they could not have been raised in the context of a Rule 75 complaint.  The court concluded that federal law required exhaustion of administrative remedies and plaintiff's complaint demonstrated that plaintiff had failed to properly exhaust his remedies.  According to the complaint, the incident occurred in

May 2009, but plaintiff did not bring a grievance until July 2010 in contravention of the administrative policy which requires that a grievance be initiated within ten business days of the event. As to the state claims of assault and battery, the court concluded that the defendants' arguments that the officers' actions were mundane and within their discretionary functions were factual questions that could not be decided in the context of a motion to dismiss.

Plaintiff moved to reconsider dismissal of his federal claims for failure to exhaust his remedies, arguing that he was unaware of the grievance policy. The court concluded that plaintiff's allegation that he did not have notice of the procedure was a factual question, and construed the motion to dismiss as one for summary judgment, ordering the parties to file affidavits and other evidentiary support of their positions. The court subsequently concluded that plaintiff had not sustained his burden of proving his lack of knowledge and denied the motion to reconsider. The court explained that, among other things, plaintiff acknowledged receiving a copy of the DOC handbook on February 20, 2009 when he was at the Southern State Correctional Facility.

The case proceeded and, following an evidentiary hearing on the remaining issues, the court issued a written order. The court found the following concerning the incident on May 8, 2009. After a medical appointment, plaintiff was walking back to his cell and cut across the lawn between the buildings. Plaintiff was confronted by a DOC officer, who told him to keep to the path. The officer ordered plaintiff to go back and walk on the designated path. Plaintiff ignored the order and went back to his block, where there a lock-in period was about to begin. The officer managing the unit received a call from his superior that plaintiff was to be locked into his cell for an extra half hour penalty extending into his recreation period for noncompliance in the yard. The officer communicated this to plaintiff, but when the cell doors opened, plaintiff exited and went to the telephones to call his lawyer. The officer reminded plaintiff of the lock-in, but plaintiff proceeded to make his telephone call. The DOC officer told plaintiff to get back to his cell. Plaintiff did not obey. The DOC officer observed that plaintiff was noncompliant, visibly agitated and had a cane at his disposal. The officer called for assistance and asked plaintiff to face the wall and assume a position for handcuffing. Plaintiff remained noncompliant. When the shift supervisor arrived, plaintiff continued to refuse a request to be handcuffed. The supervisor used pepper spray on plaintiff and the officers subdued and handcuffed plaintiff. The court found that the officers' force was not punitive and the officers complied with their use-of-force policy.[1]

On appeal, plaintiff first argues that the court erred in dismissing his federal claims for failure to exhaust his administrative remedies. Plaintiff contends that his claims are of federal constitutional dimension and therefore under the supremacy clause cannot be dismissed.[2] This argument lacks merit because under both state and federal law, plaintiff was required to exhaust his administrative remedies prior to filing suit. See Porter v. Nussle, 534 U.S. 516, 532 (2002) (holding that exhaustion requirement of Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) applies to all inmate suits, including those alleging excessive force); Booth v. Churner, 532 U.S.

---

[1] In response to plaintiff's arguments, the court concluded that plaintiff was not denied due process by receiving the penalty for noncompliance in the yard without notice and a hearing because the measure was de minimus and designed to enforce security rules, and that plaintiff's status as a pretrial detainee did not alter the analysis.

[2] Plaintiff also argues that the court erroneously dismissed his claims on the grounds of res judicata. We do not address this argument because the federal civil rights claims were not dismissed on this basis.

731, 741 (2001) (holding that exhaustion is mandatory "regardless of the relief offered through administrative procedures"); Rennie v. State, 171 Vt. 584, 585 (2000) (mem.) ("This Court has consistently held that when administrative remedies are established by statute or regulation, a party must pursue, or 'exhaust,' all such remedies before turning to the courts for relief.").

Plaintiff also argues that exhaustion was not required because he was not aware of the administrative remedies, citing Abney v. McGinnis, 380 F.3d 663, 667 (2004) (noting that there are exceptions to exhaustion requirement including when administrative remedies are not available). Although there is a split in authority, some courts have held that where a grievance system is unknown to a prisoner, it is unavailable for purposes of the exhaustion requirement. See Goebert v. Lee Cnty., 510 F.3d 1312, 1322 (11th Cir. 2007) (concluding that exhaustion not required where grievance procedure not in inmate handbook and inmate not told about procedure). But see Twitty v. McCoskey, 226 Fed. Appx. 594, 596 (7th Cir. 2007) ("A prisoner's lack of awareness of a grievance procedure, however, does not excuse compliance."). In response to plaintiff's motion to reconsider the dismissal of the federal claims based on his argument that he was not aware of the grievance opportunities, the court gave plaintiff an opportunity to support his lack of knowledge with a factual basis. The court subsequently concluded that plaintiff had not factually sustained his burden of proving lack of knowledge. The court noted that plaintiff had been previously incarcerated in 2004 and had filed grievances at that time, and was thus familiar with the existence of the grievance process. The court further explained that plaintiff acknowledged receiving a copy of the DOC handbook in February 2009 when he first came into custody, and the book included information about the grievance system. These admitted facts demonstrate that plaintiff was adequately informed of the review process. Therefore, there was no error in dismissing plaintiff's federal claims for failure to exhaust his administrative remedies.[3]

Plaintiff next argues that the court erred in denying his motion for sanctions after defendants failed to fully comply with his discovery requests. Discovery rulings are discretionary and will be affirmed unless the court failed to exercise its discretion or exercised it unreasonably. Record v. Kempe, 2007 VT 39, ¶ 9, 182 Vt. 17. Plaintiff's argument concerns his request during discovery for DOC directives regarding the use of force. DOC produced publicly available redacted versions of the policy, and plaintiff moved to compel the unredacted directives. The court reviewed the unredacted documents and ordered that certain parts be produced in their unredacted form. The court admonished defendants for making incomplete and untimely disclosures, but declined to impose sanctions on defendants, concluding that any violation was cured. Plaintiff fails to demonstrate otherwise on appeal. Insofar as the court's action cured any violation, the court's decision to deny sanctions was well within its discretion. See id. ¶¶ 10-11 (concluding discovery violation cured by court's action so refusal to punish violating party within court's discretion).

Finally, plaintiff argues that the court erred in excluding affidavits from other prisoners that plaintiff proffered at trial. "Discretionary rulings regarding the admissibility of evidence are reviewed under an abuse-of-discretion standard." State v. Casey, 2013 VT 22, ¶ 20, 193 Vt. 429. At the trial on the merits, plaintiff sought to admit affidavits from several other inmates who

---

[3] Plaintiff cites a Vermont statute, which requires that "[a]ll inmates shall be informed of the grievance procedure," 28 V.S.A. § 854, in support of his claim that he did not have sufficient notice of the grievance process. Even if we construed the Vermont statute as having some application to plaintiff's federal claims, it would not provide any relief since the court concluded that plaintiff had indeed received the DOC handbook, which included information about the grievance process.

allegedly witnessed the altercation between plaintiff and the DOC officers. Defendants objected to admission of the statements. The court excluded the statements, and informed plaintiff that he would have an opportunity to have the inmates testify in person at a later date. Plaintiff did not, however, produce the witnesses at the subsequent hearing.

On appeal, plaintiff contends that the witness statements were admissible because the witnesses were not available under Vermont Rule of Evidence 804(a). Plaintiff failed to raise this claim in the trial court, and has not preserved it for appeal. As we have often repeated, "[t]o properly preserve an issue for appeal a party must present the issue with specificity and clarity in a manner which gives the trial court a fair opportunity to rule on it." State v. Ben-Mont Corp., 163 Vt. 53, 61 (1994). This ensures "that the original forum is given an opportunity to rule on an issue prior to our review." In re White, 172 Vt. 335, 343 (2001). No such opportunity was provided to the trial court here. At the second hearing date, in response to the court's inquiry of whether plaintiff would bring further witnesses, plaintiff simply stated that he had not been able to locate the witnesses on his list. To demonstrate that a witness is unavailable within the meaning of Rule 804(a) requires more than simply showing that the witness is not present. The proponent of the statement must show that the witness is absent and the person's attendance could not be secured by process or other reasonable means. State v. Lynds, 158 Vt. 37, 40 (1991). No such showing was made here. Because plaintiff did not argue that the witness statements should have been admitted under Rule 804(a), the trial court did not have an opportunity to assess whether plaintiff took reasonable measures to locate or procure the witnesses for the hearing, and plaintiff's proffer on these points was inadequate.

Affirmed.

BY THE COURT:


_____
Paul L. Reiber, Chief Justice


_____
John A. Dooley, Associate Justice


_____
Harold E. Eaton, Jr., Associate Justice


4