NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 27, 2016*
Decided October 28, 2016

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

No. 15-3888

| | |
|---|---|
| DENNIS TONN, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Western District of |
| | Wisconsin. |
| *v.* | |
| | No. 14-cv-481-jdp |
| MICHAEL MEISNER, et al., | |
| *Defendants-Appellees.* | James D. Peterson, |
| | *Judge.* |

**O R D E R**

Dennis Tonn, a Wisconsin inmate formerly incarcerated at Columbia Correctional Institution, sued several prison officers under 42 U.S.C. § 1983 for due process violations in connection with restitution he was ordered to pay after being found to possess medication that was not prescribed to him. The district court concluded that he failed to exhaust administrative remedies and granted summary judgment against him. We

---

* We have unanimously agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

affirm because we agree that Tonn did not follow the required administrative procedures for filing his complaint.

In July 2013, a correctional officer found Tonn incoherent in his cell. Prison staff took him to a local hospital, where he tested positive for a tricyclic antidepressant and for Suboxone, a narcotic. Because neither medication belonged to Tonn, he was found guilty by a disciplinary committee on July 29, 2013 for misusing prescription medication. The committee ordered Tonn to serve 90 days in the segregation unit and to pay $1,350 to compensate the institution for the cost of his trip to the hospital. According to the committee, the restitution amount was based on the costs of other inmates' trips to the hospital under similar circumstances.

The Prison Litigation and Reform Act, *see* 42 U.S.C. § 1997e(a), requires prisoners to exhaust available administrative remedies before suing to challenge a prison's violation of their constitutional rights. *See Ross v. Blake*, 136 S.Ct. 1850, 1854–55 (2016). In Wisconsin, a prisoner raising an issue related to a disciplinary hearing must first file an appeal with his institution's warden within 10 days of receiving a copy of the decision. *See* WIS. ADMIN. CODE § DOC 303.82(1).[1] After the appeal to the warden is complete, the prisoner may then use the inmate complaint review system to appeal any procedural errors. *Id.* § DOC 310.08(3). Under this process, the prisoner files a complaint with the inmate complaint examiner within 14 calendar days of the occurrence giving rise to the complaint. *Id.* § DOC 310.09(6). The inmate complaint examiner must review the complaint—and a reviewing authority such as the warden must issue a decision—before the prisoner may appeal further to the corrections complaint examiner. *Id.* § DOC 310.13(1).

The day after his disciplinary hearing, Tonn made two separate challenges to the committee's decision. The first challenge followed the correct administrative procedure: he appealed to the then-warden, Defendant Michael Meisner, and objected to the committee's guilty finding. In that challenge, however, he did not contest the restitution order or the means by which the committee had calculated the amount. On September 21 the warden upheld the committee's determination, adding that Tonn had not noted any procedural errors.

As for Tonn's second challenge, he filed it with the corrections complaint examiner, repeating his disagreement with the guilty finding and objecting that the

---

[1]This provision was formerly 303.76(7) prior to the December 2014 revisions to the Wis. Admin. Code § DOC.

decision to assess restitution based on the cost of other inmates' hospital trips was "not right." Two weeks later, on August 14, 2013, the corrections complaint examiner returned Tonn's submission, explaining that "[o]ffender complaint issues are first raised at the institution level and then if you are dissatisfied with the appropriate reviewing authority decision, you may within 10 calendar days after the [reviewing authority's] decision submit an appeal to the [corrections complaint examiner] for an appeal review." At this point, however, Tonn could no longer make a timely appeal to the warden over restitution because more than 14 days had lapsed since the disciplinary hearing.

About seven months later, in March 2014, Tonn filed two grievances through the inmate complaint review system regarding the restitution payment, but the institution complaint examiner rejected those grievances as untimely, since they were submitted "beyond 14 calendar day limit." Tonn appealed these grievances to the warden, who determined that the complaints had been properly rejected.

Tonn then filed this § 1983 suit in federal court, asserting that his sanction of 90-days' segregation and $1,350 in restitution violated his due process rights (because he was ordered to pay restitution without sufficient evidence of the true restitution amount) and double jeopardy rights (because both restitution and time in segregated confinement were imposed as punishment for his infraction). The district court dismissed the complaint for failure to state a claim. On appeal, we upheld the dismissal of the double jeopardy claim but vacated the dismissal of Tonn's due process claim regarding restitution because he adequately alleged that the restitution order was not supported by any evidence.

The district court then granted Tonn leave to proceed on his due process claim, after which he moved for appointment of counsel. The district court denied Tonn's motion, however, because it found that Tonn's submissions reflected he was capable of litigating the case himself.

After further briefing by both sides, the defendants moved for summary judgment based on Tonn's failure to exhaust administrative remedies. The district court granted the motion; it explained that Tonn's appeal of his discipline to the warden did not address the matter of restitution, and the prison officials properly rejected his other attempts through the inmate complaint review system to contest the restitution amount. That said, the court expressed misgivings with the manner in which the prison had "ballparked" the costs of Tonn's hospitalization without documenting its actual out-of-pocket expenses.

Tonn then moved for reconsideration. He argued in his motion that the 14-day limit for filing inmate grievances did not apply to violations such as his that were ongoing; his were ongoing, he maintained, because the prison continued to deduct restitution payments from his account. But the district court rejected that argument on the basis that the constitutional violation Tonn was challenging — the disciplinary hearing decision — occurred in July 2013 and therefore could not be ongoing.

On appeal Tonn asserts generally that he must have exhausted his administrative remedies because the grievances he filed in 2014 eventually were seen by the warden. But the warden did not decide the 2014 grievances on the merits. Rather, he simply signed his name as the reviewing authority agreeing that the institution complaint examiner appropriately rejected the complaint as untimely. As the district court properly explained, Tonn had only 14 days from the date of his disciplinary hearing to present the warden with his restitution challenge, and his later grievances that did challenge the restitution amount were untimely by many months. Tonn did not follow the required procedures for filing his complaint, and therefore failed to exhaust his administrative remedies. *See Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002) (to meet the exhaustion requirements of 42 U.S.C. § 1997e(a), prisoners "must file complaints and appeals in the place, and at the time, the prison's administrative rules require"); *Pavey v. Conley*, 663 F.3d 899, 906 (7th Cir. 2011).

Tonn also contends that the district court abused its discretion in failing to recruit counsel because he "is not a lawyer and has no litigation skills." But the district court complied with the requirements of *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007), and reasonably declined the request. A court must consider "both the difficulty of the case and the pro se plaintiff's competence to litigate it himself." *Id.* Here, the district court noted that Tonn's submissions reflected his ability to "effectively organize and present his arguments," and this case involved "a relatively straightforward, fact-based question: whether the defendants lacked evidence to support their decision to impose restitution." In any event, the presence of counsel would not have affected the outcome of the litigation because Tonn had failed to exhaust his administrative remedies before filing this suit. *See Pruitt*, 503 F.3d at 659. Tonn also moved for appointment of counsel on appeal, but we denied his motion since appointment was not warranted under *Pruitt*.

We have also considered Tonn's remaining arguments, and none has merit.

AFFIRMED.