NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 2, 2021[*]
Decided April 13, 2021

**Before**

DIANE S. SYKES, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 20-2920

| | |
|---|---|
| DEQUARIUS D. FITZPATRICK, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 20-C-1177 |
| COLIN FRUEHBRODT & JACOB HEFFERNAN, *Defendants-Appellees.* | William C. Griesbach, *Judge*. |

**O R D E R**

Dequarius Fitzpatrick, a Wisconsin inmate, contends that two correctional officers used excessive force against him in violation of his Eighth Amendment rights. The district court entered summary judgment for the officers because Fitzpatrick filed an untimely grievance with the prison and thus did not exhaust his administrative remedies, as required by the Prison Litigation Reform Act. See 42 U.S.C. § 1997e(a).

---

[*]We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Because the undisputed evidence shows that Fitzpatrick filed his grievance too late to exhaust, we affirm.

Fitzpatrick's allegations concern an episode at his prison on July 9, 2018, while he was on constant observation after he cut his arm. He was being monitored by correctional officer Jacob Heffernan, who periodically was visited by another officer, Colin Fruehbrodt. Fruehbrodt taunted Fitzpatrick, at one point yelling at him to stop harming himself. Fitzpatrick protested that he was not doing anything, but Heffernan sprayed him anyway with an "incapacitating agent." The spray impaired Fitzpatrick's breathing and caused him to experience a "burning sensation" that lasted several days.

Fitzpatrick filed a grievance about the incident 23 days later, on August 16, though the prison did not receive the grievance until August 21. Because state law required that an inmate file a grievance within 14 days of an incident, the prison's complaint examiner rejected Fitzpatrick's grievance as untimely. Fitzpatrick filed an internal appeal, admitting that his grievance was late but contending that "the issue at hand is serious and should be addressed." The prison's reviewing authority rejected the appeal, agreeing with the examiner's conclusion that Fitzpatrick had submitted his grievance too late and had not provided "good cause" for the delay.

Fitzpatrick then filed this suit in district court under 42 U.S.C. § 1983. Heffernan and Fruehbrodt moved for summary judgment, arguing that Fitzpatrick failed to exhaust his administrative remedies. See § 1997e(a). Fitzpatrick argued that his tardiness should be excused for good cause—that he was unable to file a timely grievance because he was in segregation and thus restricted from having sharp objects (like pens and pencils).

The district court entered summary judgment for defendants, pointing out that Fitzpatrick had not provided good cause for his tardiness in the administrative proceedings. Because Fitzpatrick had failed to assert good cause to the prison's complaint examiner, the court concluded, he waived that argument.

On appeal, Fitzpatrick continues to press his good-cause argument. He maintains that his extended, post-incident confinement in segregation would have been apparent to the complaint examiner, if only the examiner had taken "the time to investigate."

The district court rightly found that Fitzpatrick did not follow Wisconsin's grievance procedures, as required to exhaust his administrative remedies. See § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006); *Schillinger v. Kiley*, 954 F.3d

990, 995 (7th Cir. 2020). To exhaust administrative remedies, an inmate "must follow the rules governing filing and prosecution of a claim." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). Wisconsin law requires an inmate to file a grievance within 14 days of an alleged incident or "explicitly provide the reason for the late filing." WIS. ADMIN. CODE DOC §§ 310.07(2), 310.10(6)(e). Fitzpatrick filed his grievance 23 days after the incident, and he gave no reason for his untimeliness. Although he blames the prison's complaint examiner for not ascertaining his circumstances, Wisconsin's regulations required Fitzpatrick to "explicitly" justify his untimeliness. *Id.* § 310.07(2).

AFFIRMED