**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 16, 2021[*]
Decided July 19, 2021

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 20-2904

| | |
|---|---|
| MICHAEL K. BROWN,<br>  *Plaintiff-Appellant,* | Appeal from the United States District<br>Court for the Eastern District of Wisconsin. |
| *v.* | No. 18-CV-1653 |
| KURT PICKNELL, et al.,<br>  *Defendants-Appellees.* | William E. Duffin,<br>*Magistrate Judge*. |

**O R D E R**

Michael Brown, who was a pretrial detainee and then an inmate at the Walworth County Jail in Wisconsin, sued jail staff under 42 U.S.C. § 1983 for violating his rights under the Eighth and Fourteenth Amendments. He alleged that they failed to address bugs, mold, dirt, and poor ventilation in his cell block. The district court entered summary judgment for the defendants. Brown appeals, arguing that the court improperly disregarded several filings as untimely and resolved material factual

---

[*]We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

disputes. Because the court appropriately declined to consider the belated filings, and no reasonable jury could find that the defendants violated Brown's rights, we affirm.

We recount the facts in the record in the light most favorable to Brown. *See LaBrec v. Walker*, 948 F.3d 836, 839 (7th Cir. 2020). At the jail, Brown was housed in an area containing about 50 single-occupancy cells with sinks and toilets, a dayroom, and a shared bathroom. A crew of detainees cleaned the common areas daily. The jail also contracted with a pest-control company, which visited bi-weekly, and cleaned air vents bi-annually or as needed. For the cells, the jail left out rags, toilet brushes, mops, and cleaning solutions until 3:00 p.m., after which detainees could obtain those supplies on request at the discretion of the staff. Despite these measures, Brown observed bugs, dust, and dirt in the air vents and on the ceiling that would fall in his cell and the dayroom where he ate. Bugs also flew out of the drains. And the showers and the sink in his cell had moss, mold, or mildew.

Brown complained to jail staff about these conditions. He might have told either John Delaney or J.S. Sawyers, jail administrators, that his unit was dirty. If he did, they told him he could clean. Brown reported the bugs and the dirt in the dayroom to Correctional Officers Schmidt, who gave him cleaning supplies, and Bardecki, who alternatively gave him cleaning supplies or told him to file a grievance. Brown also complained to Officer Phillips about the vents and ceiling dirt. Phillips told him to file a grievance and called maintenance staff, who cleaned the vents. Brown used the available supplies to clean the dead bugs and dirt from his cell and the dayroom. And he electronically submitted through a kiosk grievances about the dirt and bugs, as jail policy required. Brown also told Schmidt and Sergeant Saultell about moss, mold, and mildew in the showers, and they told Brown to file a grievance. But Brown never did so, nor did he file one about moss, mold, or mildew anywhere else.

Brown sued Delaney, Sawyers, Schmidt, Bardecki, Phillips, Saultell, and several other staff members, alleging that they failed to address these conditions in violation of his rights under the Fourteenth Amendment (while he was a detainee) and the Eighth Amendment (after he was convicted). Two other plaintiffs initially joined the suit, but they did not sign the complaint and were dismissed for failure to prosecute.

The defendants moved for summary judgment. Brown filed a response, combined with his own motion for summary judgment, on April 28, 2020. This filing included one brief and several exhibits. After the defendants responded, Brown filed what he called his "brief in support of motion for summary judgment and brief in

opposition to defendants' motion for summary judgment" on August 28. To this brief he attached proposed findings of fact, a response to the defendants' proposed factual findings, and 86 pages of exhibits, explaining in a cover letter that he had "inadvertently exclude[ed]" those documents from the mailing that was docketed on April 28. Except for the brief, the documents were signed and dated April 28, 2020.

The district court granted the defendants' summary-judgment motion and denied Brown's. The court explained that, of Brown's filings docketed August 28, it considered only his brief. The other materials were untimely, and Brown had not asked for leave to file them. *See* E.D. Wis. Civ. R. 7(i), 56(b). Because Brown had not timely responded to the defendants' proposed findings of fact, the court accepted them as undisputed. *See* E.D. Wis. Civ. R. 56(b)(4). The court then concluded that, because Brown had never filed a grievance about the mold, mildew, or moss (though a former co-plaintiff had), he had not exhausted his administrative remedies. As for the other conditions, the court determined that none was sufficiently serious to implicate the Constitution. Further, Brown lacked evidence that any defendant who knew about the conditions responded in a way that violated Brown's rights.

Brown moved to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure, arguing that the district court should have considered the rest of his August 28 filings. Although the clerk's office received the motion within 28 days of the judgment, staff did not docket it for several weeks, and the court mistakenly denied it as untimely. Brown filed another motion to alter or amend, contending that he had timely mailed his initial motion. He also stated for the first time that he had mailed the materials accompanying his August 28 brief once before, on April 28; the court just had not received them, he said. The court recognized the docketing error with the first Rule 59(e) motion but denied relief because Brown had not identified a legal error or presented any new evidence in either of his post-judgment motions.

On appeal, Brown first argues that the district court improperly resolved factual disputes in the defendants' favor and instead should have considered the proposed findings of fact, response to the defendants' proposed facts, and supporting exhibits that were docketed on August 28. He submits an affidavit in which he attests to initially mailing those documents, postage prepaid, on April 28. Thus, he argues, the submissions were timely under the prison mailbox rule, which provides that filings are timely if incarcerated parties deposit them in their institution's legal mail system by the due date and provide certain evidence of the submission. *See* FED. R. APP. P. 4(c); *Taylor v. Brown*, 787 F.3d 851, 858–59 (7th Cir. 2015).

The district court acted within its discretion when it refused to consider the August 28 materials other than the brief. *See Gosey v. Aurora Med. Ctr.*, 749 F.3d 603, 605 (7th Cir. 2014). Brown did not submit proposed findings of fact and supporting evidence with his summary-judgment motion, nor did he respond within 30 days to the defendants' summary-judgment motion with his answer to their proposed fact statement. He thus did not comply with the court's local rules. *See* E.D. Wis. Civ. R. 56(b); *McCurry v. Kenco Logistics Servs., LLC*, 942 F.3d 783, 787 n.2 (7th Cir. 2019) (district courts may strictly enforce local rules against pro se parties). Although Brown now swears that he met the deadline (under the prison mailbox rule) by sending those materials on April 28, we cannot consider on appeal evidence that he did not present to the district court. *See Midwest Fence Corp. v. U.S. Dep't of Transp.*, 840 F.3d 932, 946 (7th Cir. 2016). There, Brown supplied only an unsworn assertion in a successive post-judgment motion, and he does not challenge the denial of that motion.

Next, Brown argues that the district court and the defendants did not warn him of the consequences of failing to dispute defendants' proposed findings of fact, and so the court erred by entering summary judgment against him. But the court included in its briefing order a copy of Local Rule 56 regarding summary judgment. And in their summary-judgment motion, the defendants included both the text of the Rule and a warning that noncompliance could lead to the admission of their version of the facts. This was all that was required of them. *See* E.D. Wis. Civ. R. 56(a)(1)(B); *Timms v. Frank*, 953 F.2d 281, 285 (7th Cir.1992).

Brown finally contends that, even based on only the defendants' version of events, the district court's ruling was wrong because the bugs, dirt, poor ventilation, and mold amounted to an unconstitutional deprivation, and the defendants' responses were inadequate. We disagree. First, Brown cannot pursue his claims about mold, mildew, and moss because he did not exhaust his administrative remedies. *See* 42 U.S.C. § 1997e(a). To do so, he had to follow the jail's grievance procedures. *See Jones v. Bock*, 549 U.S. 199, 211, 217–19 (2007); *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019). But Brown never filed a grievance about moss, mold, or mildew, though he complained orally. And the district court was correct that, because the jail's policy requires inmates to submit their own electronic grievances, other inmates' grievances could not exhaust remedies with respect to Brown's claims. *See* WIS. ADMIN. CODE DOC §§ 350.09, 350.26 (jails may establish their own grievance procedures); *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002) (inmates must follow administrative exhaustion procedures).

On the merits, we conduct the Fourteenth Amendment analysis first, because, if Brown's properly exhausted claims could not survive summary judgment under the objective-unreasonableness standard, they would necessarily fail under the Eighth Amendment's higher, deliberate-indifference standard. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Williams v. Shah*, 927 F.3d 476, 480 (7th Cir. 2019). To avoid summary judgment, Brown had to produce evidence that the conditions he experienced were objectively serious and that the defendants—acting purposefully, knowingly, or recklessly—responded or failed to respond in a manner that was objectively unreasonable. *See Miranda v. Cnty. of Lake*, 900 F.3d 335, 352–53 (7th Cir. 2018); *Hardeman v. Curran*, 933 F.3d 816, 823–24 (7th Cir. 2019).

Regardless of whether the conditions Brown faced were sufficiently serious, there is no evidence that the defendants' responses were objectively unreasonable. *See Hardeman*, 933 F.3d at 823–24. When Brown complained to Delaney, Sawyers, Schmidt, Bardecki, Phillips, and Saultell, they responded reasonably by telling him to pursue a grievance, giving him cleaning supplies, or asking maintenance to resolve the issue. As for the remaining defendants, no evidence shows that they were personally responsible for, or even knew of, the conditions about which Brown complained, and so no reasonable jury could find them liable under § 1983. *See Rasho v. Elyea*, 856 F.3d 469, 478 (7th Cir. 2017). Therefore, the court's entry of summary judgment in favor of all the defendants was proper.

AFFIRMED