**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Submitted October 17, 2022*
Decided October 19, 2022

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 20-3277

| | |
|---|---|
| LAURENCE LOVEJOY, *Plaintiff- Appellant*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 19-CV-21-SMY-MAB |
| JACQUELINE LASHBROOK, *Defendant-Appellee*. | Staci M. Yandle, *Judge*. |

## O R D E R

Laurence Lovejoy, an Illinois inmate, appeals a summary judgment against him based on his failure to exhaust administrative remedies with respect to his claims of deliberate indifference. Because the undisputed facts show that Lovejoy did not exhaust the prison's administrative remedies in the time and manner required, we affirm.

---

* We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

According to the grievance procedures of the Illinois Department of Corrections, inmates must file grievances on specific forms and include, "what happened, when, where and the name of each person who is the subject of or who is otherwise involved in the complaint." 20 ILL. ADMIN. CODE § 504.810(c). An officer then reviews the grievance and issues a report of findings and recommendations to the chief administrative officer (generally, the warden), who issues a written decision to the inmate. 20 ILL. ADMIN. CODE § 504.830(e). The inmate then has 30 days within which to appeal that decision to the administrative review board; the appeal must include copies of the responses of the grievance officer and warden to the grievance. 20 ILL. ADMIN. CODE § 504.850(a).

Lovejoy sought to sue officials at his former prison, Menard Correctional Center, for denying him needed medical care. Between January and December 2018, he filed ten grievances related to medication for migraine headaches, the potential side effects from such medication, and the denial of his requests for specialist care. Menard's warden, Jacqueline Lashbrook, channeled two of his grievances through the emergency grievance process, ensuring that they received expedited review. Lovejoy appealed seven grievances to the administrative review board, but five of these appeals were returned without review because he did not include the requisite responses from the grievance officer or warden. Two of his appeals to the board included the appropriate responses, but both appeals were denied because Lovejoy's grievances did not specify the dates of the incident in question. In the underlying grievances of those two exhausted appeals, Lovejoy also did not name Lashbrook as a subject of his complaints.

In January 2019, Lovejoy filed this suit for deliberate indifference. *See* 42 U.S.C. § 1983. The district court screened his complaint and dismissed most of his claims, including those challenging the availability of the prison's grievance review process. The court allowed Lovejoy to proceed only on an Eighth Amendment deliberate indifference claim that Lashbrook failed to act on his grievances complaining about the prison doctors' refusals to provide stronger migraine medication.

Lovejoy supplemented his complaint with a request to have counsel recruited for him. He stated that his ability to litigate the case was compromised by migraine symptoms, limited access to the prison's law library, and the confiscation of legal materials after he transferred facilities. The district judge denied the request, concluding that the proceedings were not complex, and that the quality of Lovejoy's submissions reflected that he was competent to proceed on his own. The judge invited Lovejoy to renew his request later if he encountered significant difficulties once discovery commenced. The judge also sent Lovejoy copies of the documents he reported lost or confiscated.

Lashbrook moved for summary judgment on grounds that Lovejoy had not exhausted his administrative remedies before filing suit, as required by the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(a). At this point, Lovejoy renewed his request for recruitment of counsel. The district judge denied this request, again finding that the quality of Lovejoy's pleadings reflected that he was capable of communicating necessary information to the court and continuing to represent himself.

The district judge referred the matter to a magistrate judge, who held an evidentiary hearing with regard to Lovejoy's exhaustion of administrative remedies on his claim against Lashbrook. *See Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008). At the hearing, Lovejoy testified that he has filed "a whole lot of grievances" including "quite a few" related to his migraine headaches. He also testified that he told Lashbrook that grievance forms were difficult to obtain at Menard, that he had to request them from an outside organization, and that the lack of forms made the prison's grievance process unavailable to him.

The magistrate judge recommended granting the motion for summary judgment because Lovejoy had properly exhausted only two of his grievances, and neither grievance named Lashbrook or suggested that she turned a blind eye to his medical care. Over Lovejoy's objections, the district judge adopted the magistrate judge's recommendation.

On appeal, Lovejoy argues that summary judgment was improper because Lashbrook's actions rendered the grievance procedures unavailable. Specifically, he says that Lashbrook's refusal to respond to some grievances prevented him from appealing their denials through the administrative review process. He also maintains that the proper grievance forms were not always accessible at the prison.

The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 … until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). To exhaust administrative remedies, an inmate must file grievances and appeals in the place, at the time, and in the manner the prison requires. *Woodford v. Ngo*, 548 U.S. 81, 87 (2006); *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). A remedy is considered not "available" when its requirements are opaque, or prison officials improperly prevent a prisoner from pursuing it. *Ross v. Blake*, 136 S. Ct. 1850, 1859–60 (2016).

The district judge properly found that Lovejoy did not exhaust his administrative remedies with regard to his claim against Lashbrook. As the judge explained, neither of the two grievances that received responses from the administrative review board mentioned Lashbrook or suggested that she was aware of his allegedly inadequate medical care. Further, many of Lovejoy's grievances that did not receive a response

were returned to him as duplicate or incomplete and did not require a full review from prison officials or the administrative review board. *See* 20 ILL. ADMIN. CODE § 504.830(a). Lastly, with regard to Lovejoy's complaints about the unavailability of grievance forms at the prison, the record reflects otherwise: as the magistrate judge pointed out, Lovejoy managed to file more than 20 grievances in 2018 alone, and he continued to file numerous grievances using the proper form after filing this lawsuit. It is worth noting, however, that the fact that a prisoner can sometimes obtain grievance forms through burdensome and unreliable methods does not mean that the grievance system is generally available. But in this case, the magistrate judge made a factual finding, which the district judge accepted, that the documentary evidence did not support a claim that the grievance forms were not available. We see no reason to upset that finding. Likewise, a grievance procedure is not available if the administrative review process requires a prisoner to attach a response from a warden or appeal board to an appeal but those entities refuse to respond. But again, in this case there is no evidence that a lack of an attached response was the factor that doomed any of Lovejoy's administrative appeals.

Lovejoy also challenges the court's rulings to deny his two motions for recruitment of counsel. But the district judge appropriately weighed the difficulty of the case against Lovejoy's ability to litigate it, as required by *Pruitt v. Mote*, 503 F.3d 647, 658 (7th Cir. 2007) (en banc). For instance, she supported her rulings by highlighting the non-complex nature of his claim, particularly at the early stages of his case; Lovejoy's ability to construct coherent sentences and relay information to the court; and his opportunity to refile his motion if his situation changed. Further, Lovejoy has not shown any exceptional circumstances or "a reasonable likelihood that the presence of counsel would have made a difference in the outcome of the litigation." *Id.*, at 659.

We have considered Lovejoy's other arguments, and none has merit.

AFFIRMED