NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 27 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL AARON WITKIN, | No. 23-15020 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-00974-KJM-KJN |
| v. | |
| D. WISE; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, Chief District Judge, Presiding

Submitted February 27, 2025[**]

Before:  S.R. THOMAS, SILVERMAN, and N.R. SMITH, Circuit Judges.

Former California state prisoner Michael Witkin appeals pro se the district court's summary judgments in favor of defendant prison officials.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *See BNSF Railway Co. v. Or. Dep't of Revenue*, 965 F.3d 681, 685 (9th Cir. 2020).  We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment to defendants on Witkin's retaliation claim because Witkin failed to exhaust his administrative remedies. *See Woodford v. Ngo,* 548 U.S. 81, 91 (2006) ("[P]roper exhaustion . . . 'means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits).'" (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002))).

The district court properly granted summary judgment to defendants on Witkin's Fourteenth Amendment claim because Witkin failed to raise a genuine dispute of material fact as to whether the defendant hearing officer was within his discretion to exclude Witkin's duplicative and irrelevant evidence. *See Wolff v. McDonnell,* 418 U.S. 539, 566 (1974) (prison officials have discretion to restrict evidence presented at disciplinary hearings). Because there was no Constitutional violation, the hearing officer was thus entitled to qualified immunity. *See District of Columbia v. Wesby,* 583 U.S. 48, 62-63 (2018) (public employees are entitled to qualified immunity under § 1983 unless they violate a federal statutory or constitutional right).

The district court properly granted summary judgment to defendants on Witkin's Eighth Amendment claim because Witkin failed to raise a genuine dispute of material fact as to whether he retained access to outdoor exercise and to otherwise meaningful recreation during his disciplinary period. *See Norbert v. City*

*& City. Of San Francisco,* 10 F.4th 918, 928-32 (9th Cir. 2021) (holding the Eighth Amendment "requires jail officials to provide outdoor recreation opportunities, *or otherwise meaningful recreation*, to prison inmates" (quoting *Shorter v. Baca*, 895 F.3d 1176, 1185 (9th Cir. 2018))).  Because Witkin received access to some outdoor exercise time (at least two hours per week) during the 90-day disciplinary period, as well as access to other forms of recreation including the dayroom, there was no constitutional violation and the officer was entitled to qualified immunity. *Id.* at 929-30 (holding there is no per se requirement to provide outdoor exercise as opposed to other forms of recreation, nor is there an established constitutional minimum number of hours per week for recreation).

The district court did not abuse its discretion in denying Witkin's Rule 59(e) motion because Witkin failed to establish any basis for altering or amending the judgment.  *See, e.g., Turner v. Burlington Northern Santa Fe R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (rulings on Rule 59(e) motions are reviewed for abuse of discretion and may be granted: (1) to correct manifest errors of law or fact upon which the judgment is based; (2) to consider newly discovered or previously unavailable evidence; (3) to prevent a manifest injustice; and (4) because of an intervening change in the controlling law).

**AFFIRMED**.